Alan J. Baratz, Esq.
Attorney I.D. No: 031451982
WEINER LAW GROUP LLP
629 Parsippany Road
P.O. Box 438
Parsippany, New Jersey 07054-0438
Phone:  (973) 403-1100     Fax: (973) 403-0010
Attorneys for defendants, Township of Edison and Police Chief Thomas Bryan
Our File No: 88641
1794161v1 88641 notice of removal ajb 4-9-2020

| | |
|---|---|
| CRISTA PEMBERTON,<br><br>       Plaintiff<br><br>v.<br><br>PAUL PAPPAS, Edison Township Police Officer; THOMAS BRYAN, Edison Township Chief of Police; DOES 1-99, Unidentified Edison Township Police Officers; TOWNSHIP OF EDISON; TOWNSHIP OF EDISON DEPARTMENT OF PUBLIC SAFETY,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MIDDLESEX COUNTY<br>DOCKET NO: MID-L-001807-20<br><br>Civil Action<br><br>**NOTICE OF REMOVAL<br>TO UNITED STATES<br>DISTRICT COURT** |

  **PLEASE TAKE NOTICE** that defendants, Township of Edison and Police Chief Thomas Bryan, hereby file Notice of Removal of the above-captioned matter to the United States District Court for the District of New Jersey, Trenton Division, from the Superior Court of New Jersey, Law Division, Middlesex County where the action is now pending, pursuant to 28 U.S.C.§1446 and state:

  1. The Township of Edison and Police Chief Thomas Bryan are named as defendants in the above-captioned matter.

  2. This civil action was commenced in the Superior Court of New Jersey, Law Division, Middlesex County on March 17, 2020, under Docket No. MID-L-001807-20.

3.      All of the following support the propriety of the action being removed to the United States District Court and proceeding in the United States District Court:

a.      All claims pled against the defendants, Township of Edison and Police Chief Bryan as memorialized in the Sixth and Ninth Counts of the Complaint assert constitutional violations and are alleged specifically to form bases for relief under 42 U.C. § 1983, including for supervisory liability (Sixth Count) and Monell liability for allegedly unconstitutional custom and policy (Ninth Count), and in plaintiff's prayer for relief she seeks "reasonable attorney's fees, interest and costs incurred in brining this action, including but not limited to those allowed under 42 U.S.C. § 1988.;

b.      The United States District Court has original jurisdiction under the provisions of 28 U.S.C. §1331 because plaintiff's claims raise issues under federal law; and

c.      28 U.S.C. §1441 permits removal by defendants to the United States District Court.

4.      Thirty (30) days have not elapsed since service of process on the defendants. The Summonses directed to each named defendant were served with copies of plaintiff's Complaint on the Township of Edison and Police Chief Thomas Bryan on April 1, 2020.

5.      Copies of the two (2) Summonses directed to the said defendants, and a copy of plaintiff's Complaint are attached to the within Notice of Removal in accordance with 28 U.S.C. §1446.

6.      Concurrent with the filing of this Notice of Removal, defendants are providing written notice to all parties and to the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County pursuant to 28 U.S.C. §1446.

**WHEREFORE**, defendants, Township of Edison and Police Chief Thomas Bryan, request that the subject action be removed to the United States District Court, and proceed in the United States District Court.

Respectfully submitted,

WEINER LAW GROUP LLP
Attorneys for defendants,
Township of Edison and Police
Chief Thomas Bryan

Dated: 4/17/20

By: _____
Alan J. Baratz
A Member of the Firm

Joseph A. Bahgat (NJ Att'y ID #006502008)
THE PRIVACY FIRM PC
A Pennsylvania Professional Corporation
1701 Walnut Street #70354
P.O. Box 37635
Philadelphia, Pennsylvania 19101-0635
+1 215 995 5001
joe@privacyfirm.law

|  |  |
|---|---|
| CRISTA PEMBERTON,<br><br>*Plaintiff;*<br><br>*vs.*<br><br>PAUL PAPPAS, Edison Township Police Officer; THOMAS BRYAN, Edison Township Chief of Police; DOES 1–99, Unidentified Edison Township Police Officers; TOWNSHIP OF EDISON; TOWNSHIP OF EDISON DEPARTMENT OF PUBLIC SAFETY,<br><br>*Defendants.* | SUPERIOR COURT *of* NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br><br>DOCKET NO. L–001807–20<br><br>CIVIL ACTION<br><br>**SUMMONS** |

FROM:      THE STATE OF NEW JERSEY

TO:          TOWNSHIP OF EDISON

A lawsuit has been filed against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for that lawsuit. If you dispute the allegations in the complaint, you or your attorney must file a written answer or motion, together with proof of service with the Deputy Clerk for the above-captioned court within thirty-five (35) days from the date you received this summons (not counting the date you received it). (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above, and is also available online at http://www.

---

SUMMONS · 1 OF 2



PRIVACY
FIRM

judiciary.state.nj.us/prose/11237_directory_civil_ofcs.pdf). A $175 filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (also available from the deputy clerk, or online) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to the attorney(s) for the plaintiff, at the address at the top–left of the first page of this summons. A telephone call will not protect your rights; you must file and serve a written answer or motion (with filing fee of $175 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file a written response to this summons and complaint within 35 days, the court may enter a judgment against you for the relief demanded in the complaint, plus interest, and the costs of this suit. If you cannot afford an attorney, you may call the legal services office in the county where you live, or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (576-5529). If you are not eligible for free legal assistance, you may obtain a referral to an attorney by calling a local lawyer referral service or by calling the New Jersey State Bar Association Lawyer Referral Service at 1-800-792-8315 (within New Jersey) or 609-394-1101 (out-of-state). A directory of local legal services offices and lawyer referral services is available in the Civil Division Management Office in the county listed above, and online at the above URL.

CLERK OF THE SUPERIOR COURT

By: _/s/ Michelle M. Smith_

Dated: 26-Mar-2020      Michelle M. Smith, Esq.

Name & Address of Defendant to be served:

TOWNSHIP OF EDISON
c/o Alan J. Baratz, Esq.
Weiner Law Group LLP
629 Parsippany Road
Parsippany, New Jersey 07054



PRIVACY
FIRM

Joseph A. Bahgat (NJ Att'y ID #006502008)
THE PRIVACY FIRM PC
A Pennsylvania Professional Corporation
1701 Walnut Street #70354
P.O. Box 37635
Philadelphia, Pennsylvania 19101-0635
+1 215 995 5001
joe@privacyfirm.law

| | |
|---|---|
| CRISTA PEMBERTON,<br><br>*Plaintiff*,<br><br>*vs.*<br><br>PAUL PAPPAS, Edison Township Police Officer; THOMAS BRYAN, Edison Township Chief of Police; DOES 1–99, Unidentified Edison Township Police Officers; TOWNSHIP OF EDISON; TOWNSHIP OF EDISON DEPARTMENT OF PUBLIC SAFETY,<br><br>*Defendants.* | SUPERIOR COURT *of* NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br><br>DOCKET NO. L–001807–20<br><br>CIVIL ACTION<br><br>**SUMMONS** |

FROM:   THE STATE OF NEW JERSEY

TO:   THOMAS BRYAN

A lawsuit has been filed against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for that lawsuit. If you dispute the allegations in the complaint, you or your attorney must file a written answer or motion, together with proof of service with the Deputy Clerk for the above-captioned court within thirty-five (35) days from the date you received this summons (not counting the date you received it). (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above, and is also available online at http://www.



judiciary.state.nj.us/prose/11237_directory_civil_ofcs.pdf). A $175 filing fee paya-
ble to the Treasurer, State of New Jersey, and a completed Case Information State-
ment (also available from the deputy clerk, or online) must accompany your an-
swer or motion when it is filed. You must also send a copy of your answer or mo-
tion to the attorney(s) for the plaintiff, at the address at the top–left of the first
page of this summons. A telephone call will not protect your rights; you must file
and serve a written answer or motion (with filing fee of $175 and completed Case
Information Statement) if you want the court to hear your defense.

If you do not file a written response to this summons and complaint within
35 days, the court may enter a judgment against you for the relief demanded in the
complaint, plus interest, and the costs of this suit. If you cannot afford an attorney,
you may call the legal services office in the county where you live, or the Legal
Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (576-5529). If
you are not eligible for free legal assistance, you may obtain a referral to an attor-
ney by calling a local lawyer referral service or by calling the New Jersey State Bar
Association Lawyer Referral Service at 1-800-792-8315 (within New Jersey) or
609-394-1101 (out-of-state). A directory of local legal services offices and lawyer
referral services is available in the Civil Division Management Office in the county
listed above, and online at the above URL.

CLERK OF THE SUPERIOR COURT

By: _/s/ Michelle M. Smith_

Dated: 26-Mar-2020                    Michelle M. Smith, Esq.

Name & Address of Defendant to be served:

**THOMAS BRYAN**
c/o Alan J. Baratz, Esq.
Weiner Law Group LLP
629 Parsippany Road
Parsippany, New Jersey 07054



PRIVACY
FIRM

Joseph A. Bahgat (NJ Att'y ID #006502008)
THE PRIVACY FIRM PC
A Pennsylvania Professional Corporation
1701 Walnut Street #70354
P.O. Box 37635
Philadelphia, Pennsylvania 19101-0635
+1 215 995 5001
joe@privacyfirm.law

| | |
|---|---|
| CRISTA PEMBERTON, *Plaintiff;* *vs.* PAUL PAPPAS, Edison Township Police Officer; THOMAS BRYAN, Edison Township Chief of Police; DOES 1–99, Unidentified Edison Township Police Officers; TOWNSHIP OF EDISON; TOWNSHIP OF EDISON DEPARTMENT OF PUBLIC SAFETY, *Defendants.* | SUPERIOR COURT *of* NEW JERSEY LAW DIVISION MIDDLESEX COUNTY DOCKET NO. L–      –20 CIVIL ACTION **COMPLAINT** |

### THE PARTIES

1.   At all times relevant, plaintiff Crista Pemberton was a citizen of the United States and the state of New Jersey, residing in the township of Edison, Middlesex County, New Jersey.

2.   Defendant Township of Edison is a municipality in Middlesex County, New Jersey, having its principal offices at 100 Municipal Boulevard, Edison, New Jersey 08817.



PRIVACY
FIRM

3. Upon information and belief, defendant Paul Pappas is a resident of Middlesex County, New Jersey, and at all times relevant was a law enforcement officer employed by the Township of Edison, Department of Public Safety. Pappas is sued in his individual and official capacities.

4. Upon information and belief, defendant Thomas Bryan is a resident of Middlesex County, New Jersey, and at all times relevant was the chief law enforcement officer employed by the Township of Edison, Department of Public Safety. Defendant Bryan is sued in his individual and official capacities.[1]

5. The true names and/or capacities of Does 1–99 are presently unknown to plaintiff; those individuals are therefore sued by fictitious names. When the true names of these defendants are ascertained, plaintiff will seek leave of court to amend the complaint accordingly.

6. Upon information and belief, plaintiff alleges that each Doe Defendant was in some way responsible, negligently, or in some other actionable manner, for the events and happenings described herein, which proximately caused plaintiff's damages, either through the defendants' own agents, servants, employees, or representatives of the other named and unnamed defendants.

7. At all relevant times, each defendant acted under color of law and pursuant to the statutes, ordinances, regulations, policies, and customs of the Edison Township, and the state of New Jersey.

## FACTS COMMON TO ALL CLAIMS

8. On the evening of Mar. 19, 2018, defendant Pappas was on duty, working a regularly scheduled shift as an EPD police officer. Early during his shift,

---

[1] Edison Township, its Department of Public Safety, and division of police are collectively referred to throughout this complaint as Edison or EPD.



PRIVACY
FIRM

Pappas left his assigned jurisdiction and drove his assigned police vehicle to a private residence in New Brunswick, New Jersey, where plaintiff's vehicle was parked.

9.   Pappas had a prior romantic relationship with plaintiff that ended more than six months earlier, but after the relationship ended, Pappas continued to follow, harass, and stalk plaintiff, by frequently driving past her home, sending unwanted emails and text messages, and even installing a GPS tracking device on plaintiff's vehicle.

10.   Pappas used the GPS tracking device to track plaintiff movement and activity for several months, until Mar. 19, 2018, when, after tracking plaintiff's vehicle to a residential address in nearby New Brunswick, Pappas surreptitiously removed the tracking device, to avoid detection or discovery. After retrieving the GPS device, Pappas used a sharp instrument to slash one of the tires of plaintiff's vehicle.

11.   Upon information and belief, before returning to Edison that evening, Pappas used his police computer to look up the license plates off all the other vehicles in the vicinity of where plaintiff's vehicle was parked.

12.   The incident was captured on surveillance video, which was provided to New Brunswick Police Department. New Brunswick Police officers apprehended Pappas during the early hours of Mar. 20, 2018, after issuance of an arrest warrant.

13.   A temporary restraining order was entered against Pappas, prohibiting him from having any contact with plaintiff or her immediate family members, co-workers, etc., and around Aug. 2, 2018 the temporary restraining order was converted to a final restraining order (FRO) pursuant to New Jersey's Prevention of Domestic Violence Act of 1991, N.J.S.A. § 2C:25-17 *et seq.*

14.  The FRO continues to be in full force and effect.

15.  As a result of Pappas's arrest, EPD's internal affairs unit began a new investigation into the officer's conduct, which contributed to his indictment on 16 criminal charges, 12 of which were crimes of the second degree, including stalking, engaging in a pattern of official misconduct, and theft of computer data.

16.  On several occasions during the pendency of criminal charges, Pappas violated the terms of the FRO, which resulted in at least one additional criminal charge.

17.  On or about Oct. 17, 2019, Pappas pleaded guilty to several of the charges, in connection with a negotiated plea agreement that includes mandatory incarceration and forfeiture of his position as a law enforcement officer.

18.  In addition, for so long as the FRO continues to be in effect, Pappas is prohibited from purchasing, owning, or possessing any firearm, which automatically disqualifies him from serving as a police officer in any jurisdiction.

19.  Though Pappas was forced to surrender his duty firearm pursuant to issuance of the FRO, upon information and belief, defendants Bryan and EPD have not formally terminated Pappas, who was placed on administrative leave shortly after his 2018 arrest.

20.  Although Pappas was supposed to be formally sentenced in January 2020, at this time he continues to be free, residing with his mother in Edison Township, less than one mile away from plaintiff's home.

21.  Although the above events led to the first instance Pappas being arrested, Pappas had a history of stalking, harassing, and terrorizing not only plaintiff, but also other individuals and females, including his former spouse.

22.  Defendants Bryan and EPD were aware that Pappas had severe problems controlling his anger, and had exhibited a pattern of behavior indicative

of someone with antisocial and narcissistic personality disorders, as evidenced by countless excessive force complaints filed with the internal affairs unit. But instead of bringing disciplinary charges against Pappas, getting him psychological help, or taking corrective measures to prevent further acts of violence, defendants Bryan and EPD buried the evidence, which enabled Pappas to continue to terrorize anyone who got in his way.

23. Among the numerous incidents of Pappas's violence, defendants Bryan and EPD were specifically aware of an incident when Pappas forced his way into plaintiff's home by kicking through the front door of her Edison home on the night of Jun. 27, 2017. Despite the reports of multiple witnesses, the EPD officers who responded to the emergency call declined to take any action or conduct an investigation, did not file a written report, and sanitized Pappas's name from the "CAD" incident report. Upon information and belief, the internal affairs unit was not notified of the Jun. 27, 2017 incident, and did not become aware of the incident until an investigation was launched in connection with Pappas's 2018 arrest.

24. On multiple occasions defendant Pappas told plaintiff he would kill her if she told anybody about his anger problem and violent behavior.

25. Many of Pappas's threats to kill plaintiff, were accompanied with him brandishing his service weapon, including on at least one occasion forcing the barrel of the firearm inside plaintiff's mouth.

26. On another occasion Pappas punched plaintiff in her mouth, knocking out her tooth, and causing severe trauma to her face and jaw, which required medical and dental treatments.

27. Plaintiff made numerous reports to defendants Bryan and EPD, both official and unofficial, and she begged Bryan to help her, but each time she made such a report, Pappas would reach out to her and threaten to kill her if she moved

forward with her complaints.

28.  For the past several years plaintiff has lived every day of her life in fear that Pappas will kill her, which has caused her significant emotional distress, requiring her to miss work, and to seek medical and psychiatric treatment. She believes that if she doesn't move out of New Jersey, and essentially "disappear," Pappas will carry out his threats against her as soon as he gets out of prison.

29.  Because of the severe emotional distress caused by defendant Pappas's ongoing pattern of violence, stalking, and intimidation, plaintiff has difficulty remembering details of most of the events giving rise to this complaint, many of which were only "discovered" because of information learned from the investigation following Pappas's 2018 arrest.

30.  Prior to filing this civil action, plaintiff complied with the provisions of the New Jersey Tort Claims Act, N.J.S.A. § 59:1-1 *et seq.*, by serving upon the Edison defendants a timely notice of claim.

### First Count: Assault by Stalking

31.  Plaintiff restates and incorporates by reference the allegations and facts set forth above as if fully re-written herein.

32.  Defendant Pappas engaged in a pattern of conduct the intent of which was to follow, alarm, place under surveillance, or harass plaintiff.

33.  Such conduct caused plaintiff to have imminent apprehension of harmful and/or offensive contact.

34.  As a result of that pattern of conduct, plaintiff reasonably feared for her safety.

35.  Plaintiff also suffered, suffers, and will continue to suffer from substantial emotional distress that defendant Pappas will resume his pattern of unlawful,



PRIVACY
FIRM

harmful, and offensive conduct, which would cause any reasonable person to suffer substantial emotional distress.

36. Said emotional distress prevented plaintiff from remembering the violent incidents, and fear of reprisal prevented her from filing any civil complaint until after Pappas's unlawful conduct resulted in arrest in 2018.

37. Many instances of Pappas's harmful and offensive conduct occurred while he was on duty as a law enforcement officer employed by defendant EPD, and supervised by defendant Bryan.

38. Defendants Bryan and EPD are therefore vicariously liable for Pappas's actions under the doctrine of respondeat superior.

## SECOND COUNT: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Plaintiff restates and incorporates by reference the allegations and facts set forth above as if fully re-written herein.

40. Defendant Pappas repeatedly engaged in outrageous, violent, and unlawful conduct specifically intended to cause plaintiff to suffer severe distress. Such conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

41. Defendant Pappas's conduct was intentional.

42. Such conduct and actions proximately caused plaintiff to suffer severe emotional distress, which was so severe that no reasonable person could be expected to endure it.

43. The severe emotional distress suffered by plaintiff has negatively affected her familial and personal relationships, her employment, and her overall mental health. It is likely that plaintiff will require many years of psychological

PRIVACY
FIRM

and/or psychiatric treatment to begin to repair the damage caused by defendant Pappas.

44. Defendants Bryan and EPD are vicariously liable for Pappas's actions under the doctrine of respondeat superior.

### Third Count: Trespass & Damage to Real Property

45. Plaintiff restates and incorporates by reference the allegations and facts set forth above as if fully re-written herein.

46. New Jersey recognizes the common law torts of trespass and injury to real property.

47. On one or more occasions, including on Jun. 27, 2017, defendant Pappas, without privilege to do so, unlawfully entered the home owned by plaintiff by use of physical force, threat of force, or deception.

48. On many occasions between 2014 and 2018 defendant Pappas caused physical injury to plaintiff's real property, including by kicking interior and exterior doors, punching walls, and throwing heavy objects inside her house.

49. Defendant Pappas's actions were intentional.

50. Defendant Pappas is therefore liable to plaintiff for unlawful entry upon her property, and for physical injury caused to plaintiff's real property in an amount to be determined by a jury.

51. Defendants Bryan and EPD are vicariously liable for Pappas's actions under the doctrine of respondeat superior.

### Fourth Count: Invasion of Privacy

52. Plaintiff restates and incorporates by reference the allegations and facts set forth above as if fully re-written herein.

53. New Jersey recognizes the common law tort invasion of privacy as an



PRIVACY FIRM

intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns," which "would be highly offensive to a reasonable person."

54.  Defendant Pappas is liable to plaintiff for invasion of privacy by virtue of kicking down the front door of her home and forcefully entering against her verbal protests, conduct which was highly offensive to her, and would be highly offensive to any reasonable person.

55.  Defendant Pappas committed the aforementioned actions with actual malice, and willful and wanton disregard for the harm they were likely to cause.

56.  Defendants Bryan and EPD are vicariously liable for Pappas's actions under the doctrine of respondeat superior.

### FIFTH COUNT: TRESPASS TO PERSONAL PROPERTY

57.  Plaintiff restates and incorporates by reference the allegations and facts set forth above as if fully re-written herein.

58.  New Jersey recognizes the common law tort of trespass to personal property.

59.  On one or more occasions, including on Mar. 19, 2019, defendant Pappas, without privilege to do so, intentionally caused physical damage to plaintiff's personal property, including her late model Honda Accord—the vehicle Pappas punctured one of the tires using an instrument carried on his police uniform.

60.  Defendant Pappas is therefore liable to plaintiff for damages caused to her personal property in an amount to be determined by a jury.

61.  Defendant Pappas conducted this unlawful activity while he was on duty as a law enforcement officer employed by defendant EPD, and supervised by

defendant Bryan.

62. Defendants Bryan and EPD are therefore vicariously liable for Pappas's actions under the doctrine of respondeat superior.

### SIXTH COUNT: SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983
#### (Against Bryan & Edison)

63. Plaintiff restates and incorporates by reference the allegations and facts set forth above as if fully re-written herein.

64. Defendants Bryan and EPD, state actors, acting deliberately, reck- lessly, and under color of law were, at all relevant times, supervisors in the police department, with oversight responsibility for training, hiring, screening, instruc- tion, supervision, and discipline of its police officers including defendant Pappas.

65. Defendants negligently failed to train its officers, agents, and employ- ees in fundamental law enforcement procedures and protocol relative to arrest of domestic violence suspects, investigation, accurate record keeping, preservation of evidence, verification of records, and principles of liability under the New Jersey Code of Criminal Justice and its interpreting case law.

66. Defendants' failure to address the foregoing issues through training, supervision, and/or discipline, and to anticipate the reasonably foreseeable events of Jun. 27, 2017, Mar. 19, 2018, and others led directly to plaintiff suffering severe emotional distress caused by Pappas's unlawful and violent conduct.

### SEVENTH COUNT: NEGLIGENT HIRING & RETENTION
#### (Against Bryan & Edison)

67. Plaintiff restates and incorporates by reference the allegations and facts set forth above as if fully re-written herein.

68. At no time, either prior to employment of defendant Pappas, or prior



to assignment of duties whereby it was foreseeable that he would be required to interact with members of the public and patrolling the public streets and highways, did defendants Bryan and/or EPD take reasonable steps to ascertain whether Pappas was emotionally capable of performing such duties, and did not have a propensity towards inappropriate conduct and/or aggressive behavior towards the general public, including females, such as plaintiff, whom he was likely to encounter in that setting.

69.   As a direct and proximate result of Pappas's negligent hiring and/or continued employment by the defendants, plaintiff was subjected to repeated acts of violence and domestic violence, which resulted in severe and permanent injuries to her body and mind, prevented her from living a normal life such as she lived prior to Pappas's employment, and a substantial deprivation of her civil and constitutional rights.

### Eighth Count: Negligent Supervision
#### (Against Bryan & Edison)

70.   Plaintiff restates and incorporates by reference the allegations and facts set forth above as if fully re-written herein.

71.   Defendants Bryan and EPD knew or had reason to know that Pappas was a danger to society so long as he was permitted to carry a badge and gun under his employ as an EPD law enforcement officer, that Pappas suffered from psychological conditions that prevented him from carrying out his duties as a law enforcement officer, and was generally unfit to serve as a police officer for EPD.

72.   Defendants could reasonably have foreseen that these circumstances created a risk of harm to other persons, and could lead to the events that resulted in Pappas's 2018 arrest for stalking plaintiff.

73. Through defendants' negligence in supervising Pappas his dangerous attributes proximately caused plaintiff's injuries.

### NINTH COUNT: MONELL CLAIM FOR UNCONSTITUTIONAL OFFICIAL POLICY UNDER 42 U.S.C. § 1983
#### (Against Edison)

74. Plaintiff restates and incorporates by reference the allegations and facts set forth above as if fully re-written herein.

75. Defendant EPD, by and through its policy makers, failed to ensure through custom, policy, and/or practice that its officers and employees were trained in fundamental law enforcement procedures and protocol relative to investigation and reporting of domestic violence, arresting suspects, witness intimidation, and abuse of authority by its own law enforcement officers, as set forth in the New Jersey Code of Criminal Justice, N.J.S.A. § 2c:1-1 *et seq.* and its interpreting case law.

76. The failure to address the foregoing issues through training and supervision, and to reasonably anticipate Pappas's foreseeable acts of violence and intimidation constituted deliberate indifference to the constitutional rights of all citizens, including plaintiff, who has suffered and continues to suffer from severe emotional distress as a direct result of Pappas's actions.

77. The aforementioned lack of training and supervision represents a systematic failure, and a custom and policy of EPD, which led directly to the unspeakable acts of violence defendant Pappas committed against plaintiff and others for fifteen years while he was employed by EPD as a law enforcement officer, which constitutes a violation of plaintiff's constitutional rights.

PRIVACY
FIRM

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully demands judgment in her favor and against defendants Paul Pappas, Thomas Bryan, Township of Edison, and Township of Edison Department of Public Safety, jointly and severally, and an order granting the following relief:

a. For compensatory damages against all defendants in an amount to be determined at trial;

b. For punitive damages, where applicable, in an amount appropriate to punish defendants for their wrongful conduct, and to deter similar proscribed conduct by defendants in the future;

c. For reasonable attorney's fees, interest, and costs incurred in this bringing this action, including but not limited to those allowed under 42 U.S.C. § 1988;

d. And for any other or further relief as the court may deem just and proper.

Respectfully submitted,

THE PRIVACY FIRM PC

By: _Joseph A. Bahgat_

Joseph A. Bahgat

Dated: 17-Mar-2020

PRIVACY
FIRM

MID-L-001807-20  03/17/2020 7:03:26 PM  Pg 14 of 15 Trans ID: LCV2020549738

## DESIGNATION OF TRIAL ATTORNEY

Pursuant to *Rule* 4:25-4, Joseph A. Bahgat of The Privacy Firm PC is designated as trial counsel for defendant.

Joseph A. Bahgat (006502008)

## DEMAND FOR PRODUCTION OF DOCUMENTS

Pursuant to *Rules* 4:10-1 and 4:18-1, plaintiff demands that defendants produce at the offices of plaintiffs' counsel, within 35 days of the date of receipt of this pleading, copies of any and all documents upon which defendants will rely in establishing any defense to the causes of action as alleged in the forgoing complaint, and defendants' legal liability or responsibility for same, as well as supporting or establishing any affirmative claims as may be set forth in, and upon any responsive pleading filed by or on behalf of said defendants.

THE PRIVACY FIRM PC

By: _____
Joseph A. Bahgat

PRIVACY
FIRM

## CERTIFICATION OF NO OTHER ACTIONS

I certify under *Rule* 4:5-1(b)(2), that other than the related criminal pro-
ceedings against defendant Pappas, and the family court action in which the FRO
was entered, the matter in controversy is not the subject of any other action pend-
ing in any other court or arbitration proceeding to the best of my knowledge and
belief, and that no other action is presently contemplated. Further, other than the
parties set forth in this pleading, I know of no other parties that should be joined in
this action. I also recognize the continuing obligation of each party to file and serve
on all parties and the court an amended certification if there is a change in the
facts stated here.

Dated: 17-Mar-2020

Joseph A. Bahgat

PRIVACY
FIRM