

**JOSEPH A. BAHGAT**
Managing Attorney

+1 877 721 9027
joe@privacyfirm.law

1701 Walnut St. Ste. 70354
P.O. Box 37635
Philadelphia PA  19101-0635

18 September 2020

*FILED ELECTRONICALLY*

The Honorable Leda Dunn Wettre
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Rm. 3C
Newark, New Jersey 07101

Re:   *Pemberton v. Twp. of Edison, et al.*, No. 2:20-cv-04411-MCA-LDW

Dear Judge Wettre:

I am writing in response to the letter filed by defendant's counsel Alan J. Baratz (ECF No. 20), which not only mischaracterizes plaintiff's willingness to cooperate in the discovery process but also misstates facts and orders of this court. I am attaching a copy of Your Honor's May 13, 2020 pretrial scheduling order (ECF No. 9), which states that:

> *Fact discovery is to remain open through* **January 29, 2021**. *No fact discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.*

Although the order also stated that written discovery requests *may* be served on or before May 27, 2020, the court did not state that written discovery requests could not be served after that date. Indeed, plaintiff did not receive any written discovery requests from Mr. Baratz until Aug. 13, 2020,[1] which is the first time Mr. Baratz told me that he had previously mailed them to my office in lieu of electronic service (which is the usual and preferred method of service for discovery

---

[1]   *See* Email from Tammy Brands to Joseph A. Bahgat, Aug. 13, 2020, 11:10:00 EDT (enclosed).

Case 2:20-cv-04411-MCA-AME   Document 21   Filed 09/18/20   Page 2 of 9 PageID: 139



documents).

Nevertheless, the interrogatories propounded by Mr. Baratz comprised at least 36 separate questions—exceeding the limit set by Fed. R. Civ. P. 33(a)(1) and also specifically set by this court in Your Honor's pretrial scheduling order, which stated that interrogatories were limited to 25 "single questions." I provided plaintiff's answers to the first 25 questions a week earlier than they were due, and then Mr. Baratz called me this week and accused me of playing games. He did not offer any legal authority stating that it was permissible to combine more than 36 multi-part questions into 25 interrogatories.

In the spirit of cooperation, I told Mr. Baratz on the telephone that I would have plaintiff provide answers to the "extra" interrogatories on the condition that he would not propound additional interrogatories on behalf of any other clients. Before I had the chance to provide the additional responses, however, I was blindsided with counsel's inflammatory letter to the court, to which I take exception.

As an aside, I was also blindsided by Mr. Baratz's accusation that I made an "abundantly ludicrous" settlement demand of $975,000. That settlement demand was included in a five-page letter, which explained, among other things, that if Ms. Pemberton has to leave her current job to move out of state—because of the fear and emotional damage caused by the defendants—she will lose at least $1,860,000.00 in income alone. That amount doesn't even include a penny for legal fees, which are already over $40,000, and will likely triple if this case goes to trial. I realize I'm not required to justify my settlement demand to the court, but I am compelled to do so in the face of Mr. Baratz's unfounded accusations.

I can't do anything to prevent Mr. Baratz from billing countless hours to the taxpayers of Edison Township rather than tendering a reasonable settlement offer to resolve this case, but I can't sit back and let him poison the court's perception of plaintiff's case, which has merit and evidentiary support. And I will not allow Mr. Baratz to cast accusations against my professionalism when the facts clearly demonstrate otherwise.



Hon. Leda Dunn Wettre
18-Sep-20
3 of 3

My offer to provide responses to the questions that constitute interrogatories in excess of the 25 single-question limit stands, in lieu of Mr. Baratz propounding additional sets of interrogatories on behalf of his other defendant clients. I expect to be able to provide those responses within 30 days from the date of our telephone conversation on Sep. 15, 2020.

Respectfully yours,

Joseph A. Bahgat

JAB/
Enclosures

CC:    All counsel of record (by CM/ECF)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRISTA PEMBERTON,<br><br>Plaintiff,<br><br>v.<br><br>PAUL PAPPAS, *et al.*,<br><br>Defendants. | Civil Action No.<br><br>20-4411 (MCA) (LDW)<br><br>**PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on May 13, 2020, and for good cause shown:

**IT IS, on this 13th day of May 2020,**

**ORDERED THAT:**

### I. DISCLOSURES

1. Fed. R. Civ. P. 26 disclosures are to be exchanged no later than **May 27, 2020**.

### II. DISCOVERY

2. Fact discovery is to remain open through **January 29, 2021**. No fact discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

3. The parties may, if not already served, serve interrogatories (limited to twenty-five (25) single questions) and requests for production of documents on or before **May 27, 2020**, to be responded to within thirty (30) days of receipt.

4. Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed by **January 29, 2021**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated. Absent stipulation of all parties or leave of Court, each party shall be limited to ten (10) depositions. See Fed. R. Civ. P. 30(a)(2).

5.     Counsel shall confer in a good faith attempt to informally resolve any and all discovery or case management disputes **before** seeking the Court's intervention. See L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)(1). Any dispute not resolved shall be brought to the Court's attention by letter or telephone conference after counsel's good faith attempt to resolve the dispute has failed. Counsel shall advise the Court of the specific efforts that were made to resolve the dispute before contacting the Court. **No discovery motion shall be made without prior leave of Court.**

### III. DISCOVERY CONFIDENTIALITY ORDERS

6.     Any proposed Discovery Confidentiality Order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3. See also Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995); Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994). Counsel are advised that a sample form of Discovery Confidentiality Order is contained in Appendix S to the Local Civil Rules.

### IV. FUTURE CONFERENCES

7.     There shall be a telephonic status conference before the undersigned on **August 11, 2020 at 3:00 p.m.** The parties shall file concise status letters no later than three business days in advance of the conference. Plaintiff's counsel shall initiate the telephone call to 973-645-3574 once representatives for all parties are on the line.

8.     The Court may from time to time schedule further conferences as may be required, either *sua sponte* or at the request of a party. Counsel should be prepared to discuss settlement at every conference with the Court.

9.     The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must attend unless excused by the Court. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference. Confidential settlement letters, which shall not exceed ten (10) pages absent leave from the Court, shall be sent to **LDW_orders@njd.uscourts.gov** at least three business days prior to the conference. Voluminous exhibits to settlement letters (exceeding 20 pages) will not be reviewed by the Court unless submitted in hard copy that is received by Chambers no later than three business days in advance of the settlement conference.

10.     Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties.

11.     A copy of every pleading, document, or written communication with the Court shall be served on all other parties to the action or may be disregarded by the Court.

2

## V. MOTIONS

12. **No motions are to be filed without prior written permission from this Court, excepting motions in lieu of Answer under Fed. R. Civ. P. 12.** These prerequisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b) and other applicable local and federal rules.

13. Any request for leave to file a motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than **September 18, 2020**. Before seeking Court leave to file a motion to amend a pleading, a party shall circulate the proposed amended pleading among all parties in an effort to obtain consent to the amendment. Any request for leave of the Court to file a motion to amend shall contain a redlined version of the proposed amended pleading as an exhibit.

14. All dispositive motions must first be subject to a dispositive motion pre-hearing. Discovery generally must be completed prior to the filing of a dispositive motion.

## VI. EXPERTS

15. All affirmative expert reports shall be delivered by **a time and date to be assigned**. Any such report shall comport with the form and content requirements of Fed. R. Civ. P. 26(a)(2)(B).

16. All responding expert reports shall be delivered by **a time and date to be assigned**. Any such report shall comport with the form and content requirements referenced above.

17. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

18. Expert discovery, including the depositions of any expert witnesses, shall be completed on or before **a time and date to be assigned**.

## VII. FINAL PRETRIAL CONFERENCE

19. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(e) **at a time and date to be assigned.**

20. All counsel are directed to assemble at the office of Plaintiff's counsel not later than ten (10) days before the final pretrial conference to prepare the Final Pretrial Order in compliance with the form and content requirements of the Court. Plaintiff's counsel shall prepare the Final Pretrial Order and shall submit it to all other counsel for approval before submitting it to the Court.

21. The original of the Final Pretrial Order shall be delivered to Chambers in hard copy not later than **three full business days** before the final pretrial conference. All parties are responsible for the timely submission of the Final Pretrial Order.

3

22. **FAILURE TO FOLLOW THIS ORDER MAY RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

           *s/ Leda Dunn Wettre*
           Hon. Leda Dunn Wettre
           United States Magistrate Judge

Original:    Clerk of the Court
cc:    Hon. Madeline Cox Arleo, U.S.D.J.
      All Parties



Joseph Bahgat <joe@privacyfirm.law>

# Pemberton v. Township of Edison File No: 88641
2 messages

**Tammy Brands** <TBrands@weiner.law>  Thu, Aug 13, 2020 at 11:10 AM
To: "joseph a. bahgat" <joe@privacyfirm.law>

Mr. Bahgat:

      Attached are copies of the set of Interrogatories and the Document Demand that I served April 29, 2020. You will note that I served only one (1) set of Interrogatories comprised of 25 questions on behalf of both the Township and Chief Bryan. In the event that you serve Interrogatories, I expect that you will draft one (1) set comprised of 25 questions directed to both, not each of my clients.

Thank you.

**WEINER LAW GROUP LLP**

**Alan J. Baratz, Esq.**

629 Parsippany Road

P.O. Box 0438

Parsippany, New Jersey 07054

Phone: 973-403-1100

Fax: 973-403-0010

Email: abaratz@weiner.law

Web: www.weiner.law

**PLEASE NOTE – OUR FIRM NAME, WEBSITE AND EMAIL ADDRESS HAVE CHANGED. PLEASE UPDATE YOUR ADDRESS BOOK TO ENSURE FUTURE COMMUNICATIONS ARE RECEIVED.**

*This e-mail message is from a law firm and is for the sole use of the intended recipient and may contain confidential and/or privileged information. Any unauthorized use, review, distribution or disclosure is prohibited without the prior written consent of the person/entity that drafted this communication. If you are not the intended recipient, please contact the sender by reply e-mail or express mail and destroy all copies of the original message.*

Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

---

**2 attachments**


**88641 docdmd.pdf**
129K


**88641 rogs.pdf**
238K

---

**joseph a. bahgat** <joe@privacyfirm.law>                    Sat, Aug 15, 2020 at 11:40 AM
To: Tammy Brands <TBrands@weiner.law>

Received, thank you.

_____
Joseph A. Bahgat  |  Managing Attorney  | The Privacy Firm PC |  Internet, Privacy & IP Litigation | http://privacyfirm.law |
+1 215-995-5001

[Quoted text hidden]