

**JOSEPH A. BAHGAT**
Managing Attorney

+1 732 733 2396
joe@privacyfirm.law

197 Buck Hill Road
Albrightsville PA 18210-3857

23 March 2021

*FILED ELECTRONICALLY*

The Honorable Leda Dunn Wettre
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Rm. 3C
Newark, New Jersey 07101

**Re:**   *Pemberton v. Twp. of Edison, et al.*, No. 2:20-cv-04411-MCA-LDW

Dear Judge Wettre:

I am writing on behalf of plaintiff Crista Pemberton to update the court in advance of the upcoming status conference regarding what has taken place since the parties filed their joint discovery dispute letter on Feb. 16, 2021. The status conference is currently scheduled for Mar. 30, 2021 at 4:30 p.m.

## PLAINTIFF'S REQUESTS FOR PRODUCTION

### Second Set of Requests for Production Propounded to Defendant Edison Township

Defendant Edison Township's responses to plaintiff's second set of requests for production were due on Mar. 5, 2021, however, to date none have been received. On Mar. 16, 2021 I sent a letter to defense counsel reminding him of defendant's outstanding discovery obligations, however, in a subsequent letter received from defense counsel he indicated that defendant is willfully refusing to provide any responses to the same.



## First Set of Requests for Production Propounded to Defendant Edison Township

On Mar. 19, 2021 I received an additional 400 pages of documents provided by defendant Edison Township pursuant to plaintiff's request for production (RPD) no. 1 (propounded Aug. 19, 2020), however, more than half of the pages provided are not in any way related to the claims in plaintiff's complaint, and it appears that the irrelevant documents were included merely so Edison Township can say they provided an additional 400 pages of documents. In RPD no. 1 plaintiff is seeking the following items:

> *Complete personnel/employee/human resources file or records of police officer Paul L. Pappas, in its entirety, which should include but not be limited to the following items: (a) initial resume and/or application; (b) all job descriptions; (c) all performance evaluations; (d) all education and training records (including any diversity and/or racial sensitivity training) during his tenure; (e) any and all commendations and/or recognition for excellence, and/or outstanding performance; (f) any and all promotions; (g) all complaints and/or grievances filed by or against him from any source; (h) any and all documents related to any disciplinary actions taken against him; (i) any and all performance improvement plans issued to him during his employment with Edison, and all Internal Affairs documents not already produced.*

After a cursory review of the documents defendant provided on Mar. 19, 2021, it appears that they have produced at least some documents responsive to categories (a) through (f), however, to date Edison has failed to provide any documents in response to categories (g) and (i), and they are intentionally withholding all the documents in category (h) except for the 15 one-page summaries that were produced Dec. 2, 2020. Further, **to the extent Edison has provided these documents at all, they were due six months ago, but plaintiff has just now received them, just two months prior to the discovery cutoff.** Much of the information provided in these documents includes summaries of former Officer



Pappas's medical and psychiatric records; plaintiff still needs to subpoena the complete records from each of the practitioners identified, but because defendant withheld these documents for six months plaintiff will likely be unable to complete this by the discovery cutoff.

To date, defendant Edison Township has provided virtually zero documents responsive to RPD nos. 2 through 10[1] in plaintiff's first set of requests for production (propounded Aug. 19, 2020). Edison has also failed to produce any documents identifying inter-departmental communications and those with third parties, which are related to the plaintiff (RPD no. 14), as well as anything related to its document/data retention policies (RPD no. 16). Finally, Edison Township has still not provided its written responses to plaintiff's first set of requests for production (propounded Aug. 19, 2020).[2]

### Requests for Production Propounded to Chief Bryan

On Mar. 2, 2021 I received defendant Thomas Bryan's responses to plaintiff's first set of requests for production (propounded Aug. 19, 2020). In those responses, Defendant Bryan has refused to provide any documents responsive to RPD no. 9, failed to identify any documents provided in response to RPD no. 14, and has indicated that documents were produced in response to RPD nos. 4 & 7 by Edison Township, when in fact most of those documents are being withheld. Finally, Chief Bryan indicates in his responses that he has had no communications with either of the two senior officers currently assigned to the internal affairs unit,

---

[1]   These are requests for various departmental policy and procedure manuals (SOGs) and a request for the department's union labor contract as it pertains to the employment and discipline of police officers.

[2]   In defense cousel's letter dated Mar. 19, 2021, he stated: "I will be working with appropriate representatives of the Township in order to offer you a plenary response to plaintiff's First Set of Requests for Document Production directed to the Township, but I do not expect to be in a position to do so prior to our scheduled teleconference with Magistrate Judge Wettre on March 30, 2021." (*See* Letter from Alan J. Baratz to Joseph A. Bahgat, Mar. 19, 2021, enclosed.)



which simply cannot be true (RPD nos. 10 & 11).

## OTHER DISCOVERY MATTERS

Since the parties filed their joint discovery dispute letter defendants have not provided any supplemental responses to interrogatories; the deficiencies highlighted in the joint letter therefore remain deficient. Defendants have still not tendered any formal response to plaintiff's August 2020 settlement demand, nor have defendants tendered any counteroffer.

Plaintiff is not in default or deficient on any of her discovery obligations to defendants. On Mar. 19, 2021, defense counsel proposed five potential dates to take plaintiff's deposition, to which I provided a timely response, scheduling the deposition for Apr. 20, 2021. But because defendants continue to withhold key discovery, I am still not in a position to take any of the defendants' depositions.

## CONCLUSION

Defendant Edison Township has not been participating in this litigation in good faith, and has been taking full advantage of the fact that they have counsel who is paid by the hour, but whom they themselves do not have to pay. This power disparity has put plaintiff at a significant disadvantage here, and is tantamount to a deprivation of justice. It is therefore imperative, and plaintiff therefore renews her request that the court enter an order granting the following relief under Fed. R. Civ. P. 37(a)(3)(B):

1) Compelling defendants to produce the outstanding categories of documents identified above;

2) Directing defendants to pay plaintiff's reasonable attorney's fees incurred in bringing this application to force defendants' compliance, pursuant to Fed. R. Civ. P. 37(a)(5)(A);[3]

---

[3]  Plaintiff requests 14 days from the date of the order to allow the preparation and filing of a certification of services for the time spent dealing with defendants' non-compliance.



3) Directing that if defendants do not produce the said documents within 10 days, that a subsequent order will be entered striking defendants' answer and affirmative defenses, and directing that plaintiff be entitled to an adverse inference related to subject matter of withheld documents and evidence.

Respectfully yours,

Joseph A. Bahgat

JAB/
Enclosure

CC:   All counsel of record (by CM/ECF)

# WEINER LAW GROUP LLP

ALAN J. BARATZ
Member of the Firm

629 Parsippany Road
Parsippany, New Jersey 07054
P (973) 403-1100 F (973) 403-0010
www.weiner.law

abaratz@weiner.law

March 19, 2021

VIA: E-mail: joe@privacyfirm.law
Joseph A. Bahgat, Esq.
197 Buckhill Road
Albrightsville, PA 18210

   Re: **Crista Pemberton v. Township of Edison et al.**
     **Civil Action No: 2:20-cv-04411**
     **Claim No: 2018146601**
     **DOL: March 19, 2018**
     **Our File No: 88641**

Dear Mr. Bahgat:

   I received your March 16, 2021 correspondence. I trust you will recall that initially in my letter of February 5, 2021 I offered the Township's objection to plaintiff's Second Set of Requests for Document Production, and subsequently in my letter of February 12, 2021 I referenced that my clients "stand by the objections that I had memorialized in my letter of February 5, 2021, to plaintiff's Second Set of Requests for Document Production that you served with your e-mail of February 2, 2021." I also memorialized the objection to that additional discovery request in my most recent correspondence to Judge Wettre (ECF No. 33). I can report no change in the Township's position regarding that issue.

   I trust that you received with my letter of March 2, 2021 Chief Bryan's responses to plaintiff's First Set of Requests for Production of Documents. I am currently working with my client to offer you a plenary response to plaintiff's First Set of Requests for Production of Documents served on the Township, but I am now in a position to provide an initial response on behalf of the Township to Item No. 1 of plaintiff's First Set of Requests for Production of Documents. Attached hereto are copies of all training records concerning NJCJIS Courses and Testing in which defendant Pappas participated over the period of 2013 through 2017. Those documents are Bates stamped "PAPPAS 2013–17 CJIS 0001 – 0202. Also attached are all materials from defendant Pappas' personnel/employment file maintained by the Township of Edison, which have been Bates stamped "PAPPAS EMP. 0001 – 0200.

   I will be working with appropriate representatives of the Township in order to offer you a plenary response to plaintiff's First Set of Requests for Document Production directed to the Township, but I do not expect to be in a position to do so prior to our scheduled teleconference with Magistrate Judge Wettre on March 30, 2021.

   Finally, I would like to proceed with Crista Pemberton's deposition via ZOOM teleconference. I am currently available April 6, 12, 19, 20, and 21, 2021 beginning at 10:00 a.m. Please be advised that I intend for plaintiff's deposition to be videotaped, and please let me know on which of those several dates you and your client can be available.

Joseph A. Bahgat, Esq.                                                                Page 2
**Re:** **Crista Pemberton v. Township of Edison et al.**
**Civil Action No: 2:20-cv-04411**
**Claim No: 2018146601**
**DOL: March 19, 2018**
**Our File No: 88641**

Thank you.

Very truly yours,

WEINER LAW GROUP LLP

By: _____
Alan J. Baratz
A Member of the Firm

AJB:tb
Attachments
cc:    Susan Lovett, Qual-Lynx (via e-mail)(w/o attachments)
       Jeremy Solomon, CJJIF Solicitor (via e-mail) (w/o attachments)
       Lieutenant Ted Hamer (via e-mail) (w/o attachments)
       Police Chief Thomas Bryan (via e-mail) (w/o attachments)

1986675v1  88641 ltr to baghat ajb 3-19-20215