# WEINER LAW GROUP LLP

ALAN J. BARATZ
Member of the Firm

629 Parsippany Road
Parsippany, New Jersey 07054
P (973) 403-1100 F (973) 403-0010
www.weiner.law

abaratz@weiner.law

March 29, 2021

VIA: E-filing
The Honorable Leda Dunn Wettre, U.S.M.J.
Martin Luther King, Jr. Blvd.
Federal Building & U.S. Court House
50 Walnut Street, Room 3C
Newark, New Jersey 07102

> Re: **Crista Pemberton v. Township of Edison et al.**
> **Docket No: 2:20-cv-04411**
> **Claim No: 2018146601**
> **DOL: March 19, 2018**
> **Our File No: 88641**

Dear Judge Wettre:

Our firm represents defendants, Township of Edison and Police Chief Thomas Bryan in the above referenced matter in which a Status Teleconference is scheduled for tomorrow, March 30, 2021 at 4:30 p.m.

Your Honor will note that as a purported "Joint Discovery Dispute Letter" my adversary forwarded a 16-page letter to Your Honor dated February 16, 2021. For the reasons that I referenced in my subsequent correspondence, I thereupon sent Your Honor a response dated February 18, 2021, and most recently I note that my adversary forwarded to Your Honor that which he described as an "update" dated March 23, 2021. I offer this correspondence with Exhibits to briefly summarize the recent extensive document productions that I have accomplished on behalf of both Chief Bryan and the Township of Edison.

At page 2 of my February 18, 2021 submission, I had acknowledged that both Chief Bryan and the Township of Edison owed plaintiff responses to her Firsts Set of Requests for Production. With Chief Bryan's cooperation I was able to serve dated March 2, 2021 the Chief's responses to plaintiff's First Set of Requests for Production of Documents. The issues that my adversary raises beginning at page 3 of his March 23, 2021 submission regarding that discovery response from Chief Bryan are meritless, and I stand by his responses to Item Nos. 4, 7, 9 and 14.

With the assistance of members of the Edison Police Department's Professional Standards Bureau I secured training records and the personnel/employment file on Paul Pappas, and with my letter of March 19, 2021, a copy of which is attached hereto as **Exhibit "A,"** I offered plaintiff a response to Item No. 1 of Plaintiff's First Set of Requests for Production of

The Hon. Leda Dunn Wettre, U.S.M.J.                                              Page 2
**Re:   Crista Pemberton v. Township of Edison et al.**
**Docket No: 2:20-cv-04411**
**Claim No: 2018146601**
**DOL: March 19, 2018**
**Our File No: 88641**

Document to the Township of Montclair. With that response I produced over 400 pages of materials regarding Paul Pappas' training and from his personnel/employment file. Also, in my March 19, 2021 letter I promised my adversary that I would be working with appropriate representatives of the Township in order to offer him a plenary response to the First Set of Requests for Document Production to the Township of Edison, but that I did not expect to be in the position to do so prior to our scheduled March 30, 2021 Teleconference with Your Honor. I am pleased to report that with the cooperation of the Township's representatives I was in fact able to offer plaintiff a plenary response to that document production request, and a copy of my response dated March 29, 2021 is attached hereto as **Exhibit "B"**. I estimate that another approximately 250 pages of documents was served with my March 29, 2021 correspondence responsive to plaintiff's First Requests for Document Production directed to the Township of Edison.

Finally, I was also able on March 29, 2021 to provide discovery requested by plaintiff concerning directed patrols at her residence, 9 Elmwood Terrace in Edison. In my second letter to counsel dated March 29, 2021, a copy of which is attached hereto as **Exhibit "C"**, I revealed the relevant directed patrol order, and I produced a 28-page record of 1,245 directed patrols at that address between January 28, 2015 and March 23, 2021.

I do not expect that my adversary will have had the opportunity to review the voluminous documents that I sent him earlier today in advance of our Status Teleconference tomorrow afternoon, but I did want to alert Your Honor in advance of our discussion to the progress made toward completion of paper discovery in the matter.

Defendants welcome the opportunity to move forward with plaintiff's deposition, which we have scheduled tentatively for late April. However, in his recent correspondence concerning that deposition my adversary alerted me to the fact that plaintiff is once again out of work on disability and is undergoing some unspecified treatment. I will need to receive additional records from her employer regarding her past and current disability claims, and records of her treatment from all providers, however, before I am prepared to move forward with plaintiff's deposition.

Thank you.

Respectfully submitted,

WEINER LAW GROUP LLP

By: _____
Alan J. Baratz
A Member of the Firm

AJB:tb

The Hon. Leda Dunn Wettre, U.S.M.J.                                    Page 3
**Re:   Crista Pemberton v. Township of Edison et al.
Docket No: 2:20-cv-04411
Claim No: 2018146601
DOL: March 19, 2018
Our File No: 88641**

Attachments
cc:   Joseph Bahgat, Esq. (via e-filing)
      Susan Lovett, Qual-Lynx (via e-mail)
      Jeremy Solomon, Litigation Coordinator (via e-mail)
      William Northgrave, Township Attorney (via e-mail)

1995412v1  88641 ltr to judge wetter ajb 3-29-2021

# EXHIBIT A

# WEINER LAW GROUP LLP

ALAN J. BARATZ
Member of the Firm

629 Parsippany Road
Parsippany, New Jersey 07054
P (973) 403-1100 F (973) 403-0010
www.weiner.law

abaratz@weiner.law

March 19, 2021

VIA: E-mail: joe@privacyfirm.law
Joseph A. Bahgat, Esq.
197 Buckhill Road
Albrightsville, PA 18210

   Re: **Crista Pemberton v. Township of Edison et al.**
      **Civil Action No: 2:20-cv-04411**
      **Claim No: 2018146601**
      **DOL: March 19, 2018**
      **Our File No: 88641**

Dear Mr. Bahgat:

  I received your March 16, 2021 correspondence. I trust you will recall that initially in my letter of February 5, 2021 I offered the Township's objection to plaintiff's Second Set of Requests for Document Production, and subsequently in my letter of February 12, 2021 I referenced that my clients "stand by the objections that I had memorialized in my letter of February 5, 2021, to plaintiff's Second Set of Requests for Document Production that you served with your e-mail of February 2, 2021." I also memorialized the objection to that additional discovery request in my most recent correspondence to Judge Wettre (ECF No. 33). I can report no change in the Township's position regarding that issue.

  I trust that you received with my letter of March 2, 2021 Chief Bryan's responses to plaintiff's First Set of Requests for Production of Documents. I am currently working with my client to offer you a plenary response to plaintiff's First Set of Requests for Production of Documents served on the Township, but I am now in a position to provide an initial response on behalf of the Township to Item No. 1 of plaintiff's First Set of Requests for Production of Documents. Attached hereto are copies of all training records concerning NJCJIS Courses and Testing in which defendant Pappas participated over the period of 2013 through 2017. Those documents are Bates stamped "PAPPAS 2013–17 CJIS 0001 – 0202. Also attached are all materials from defendant Pappas' personnel/employment file maintained by the Township of Edison, which have been Bates stamped "PAPPAS EMP. 0001 – 0200.

  I will be working with appropriate representatives of the Township in order to offer you a plenary response to plaintiff's First Set of Requests for Document Production directed to the Township, but I do not expect to be in a position to do so prior to our scheduled teleconference with Magistrate Judge Wettre on March 30, 2021.

  Finally, I would like to proceed with Crista Pemberton's deposition via ZOOM teleconference. I am currently available April 6, 12, 19, 20, and 21, 2021 beginning at 10:00 a.m. Please be advised that I intend for plaintiff's deposition to be videotaped, and please let me know on which of those several dates you and your client can be available.

Joseph A. Bahgat, Esq.                                                                      Page 2
**Re:** Crista Pemberton v. Township of Edison et al.
**Civil Action No: 2:20-cv-04411**
**Claim No: 2018146601**
**DOL: March 19, 2018**
**Our File No: 88641**

      Thank you.

                                      Very truly yours,

                                      WEINER LAW GROUP LLP

                            By: _[signature]_

                                      Alan J. Baratz
                                      A Member of the Firm

AJB:tb
Attachments
cc:     Susan Lovett, Qual-Lynx (via e-mail)(w/o attachments)
        Jeremy Solomon, CJJIF Solicitor (via e-mail) (w/o attachments)
        Lieutenant Ted Hamer (via e-mail) (w/o attachments)
        Police Chief Thomas Bryan (via e-mail) (w/o attachments)

1986675v1  88641 ltr to baghat ajb 3-19-20215

# EXHIBIT B

# WEINER LAW GROUP LLP

ALAN J. BARATZ
Member of the Firm

629 Parsippany Road
Parsippany, New Jersey 07054
P (973) 403-1100 F (973) 403-0010
www.weiner.law

abaratz@weiner.law

March 29, 2021

VIA: E-mail: joe@privacyfirm.law
Joseph A. Bahgat, Esq.
197 Buckhill Road
Albrightsville, PA 18210

    Re:    **Crista Pemberton v. Township of Edison et al.**
          **Civil Action No: 2:20-cv-04411**
          **Claim No: 2018146601**
          **DOL: March 19, 2018**
          **Our File No: 88641**

Dear Mr. Bahgat:

With my letter of March 19, 2021, I offered you the Township's partial response to plaintiff's First Set of Requests for Production of Documents. I note that in your March 23, 2021 letter to Judge Wettre you referenced that Edison failed to provide any documents in response to categories (g) and (i). As concerns category (g) all formal complaints filed by or against Paul Pappas were investigated by Internal Affairs and all dispositions regarding those investigations concerning incidents alleged to have occurred between April 16, 2008 and April 27, 2017 were previously supplied among attachments to the Township's answers to plaintiff's Interrogatories, and specifically question number 17 thereof. As concerns category (i) with my letter of March 19, 2021 I provided what I understand to have been the complete personnel/employment file maintained by the Township of Edison on Paul Pappas Bates stamped PAPPAS EMP. 0001 – 0200.

As promised, I offer all of the following as the responses of the Township of Edison to the balance of the Requests (Nos. 2 – 22) memorialized in plaintiff's August 19, 2020 First Set of Requests for Production.

    **REQUEST NO. 2.** The Township objects to the request as it is vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Moreover, Edison Township's policies, practices and procedures for hiring police officers was memorialized in a Municipal Ordinance, and the Township's Ordinances from 2001 when Paul Pappas made application for employment are a public record.

    **REQUEST NO. 3.** See attached 16 page Edison Township Police Department Policy entitled "Field Training and Evaluation Program."

Joseph A. Bahgat, Esq.  Page 2
**Re: Crista Pemberton v. Township of Edison et al.**
**Civil Action No: 2:20-cv-04411**
**Claim No: 2018146601**
**DOL: March 19, 2018**
**Our File No: 88641**

    **REQUEST NO. 4.** See attached nine (9) page Edison Township Police Department Policy entitled "Training."

    **REQUEST NO. 5.** The Township of Edison followed the Middlesex County Prosecutor's Directive #12, and attached is a copy of the 38 page Directive of the Office of the Middlesex County Prosecutor entitled "Domestic Violence Investigations."

    **REQUEST NO. 6.** See attached copy of the Agreement between the Township of Edison and Policeman's Benevolent Association, Local #75, Inc. covering the period of January 1, 2001 through December 31, 2004 with Appendices and related documents, including Arbitrator Restaino's December 15, 2003 Award, and March 5, 2003 Agreement for Off-Duty Employment.

    **REQUEST NO. 7.** The Township's requirements for its officers on duty are memorialized in the Edison Township Police Department Rules and Regulations, a copy of which 56 page document is attached.

    **REQUEST NO. 8.** See attached twelve (12) page Edison Township Police Department Policy entitled "Criminal Intelligence and Surveillance."

    **REQUEST NO. 9.** See attached three (3) page Middlesex County Prosecutor's Directive #13 entitled "Drug Testing of Law Enforcement," Office of the Attorney General of New Jersey's 21 page Directive #2018-2 entitled "Statewide Mandatory Random Drug Testing" and Attorney General Grewal's March 20, 2018 correspondence, and Edison Police Department Memorandum dated June 6, 2017 entitled "Reminder – Officer Obligation to Notify Their Supervisor When Taking Certain Medications."

    **REQUEST NO. 10.** See the Township of Edison's response to Request No. 9 above.

    **REQUEST NO. 11.** None chosen to date however, the Township of Edison reserves the right to supplement its response so as to identify experts consistent with the Court's Scheduling Orders.

    **REQUEST NO. 12.** None chosen to date however, the Township of Edison reserves the right to supplement its response so as to identify experts consistent with the Court's Scheduling Orders.

    **REQUEST NO. 13.** The Township of Edison objects to the request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. However, and without prejudice, none other than those statements memorialized in Item Nos. B(1) – (27) of the defendants' July 29, 2020 Rule 26 Disclosure Statement.

Joseph A. Bahgat, Esq.                                                               Page 3
Re:   **Crista Pemberton v. Township of Edison et al.**
Civil Action No: 2:20-cv-04411
Claim No: 2018146601
DOL: March 19, 2018
Our File No: 88641

**REQUEST NO. 14.** The Township of Edison objects to this request as it is vague, ambiguous, overbroad and not reasonable calculated to lead to the discovery of relevant or admissible evidence.

**REQUEST NO. 15.** See attached New Jersey Victim Notification Form, Supplementary Domestic Violence Offense Report, Domestic Violence Response Team Intervention Awareness Form, four (4) page Incident Report of Officer Patel, two (2) page Booking Report, five (5) page CAD Incident Report, NJ Automated Complaint System Charge Disposition Inquiry, and Complaint Summons related to Crista Pemberton's arrest on February 21, 2021 for Simple Assault under the Prevention of Domestic Violence Act. The Township of Edison is in possession of digital video images related to that February 21, 2021 arrest, which will be supplied.

**REQUEST NO. 16.** The Township objects to the request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

**REQUEST NO. 17.** The Township objects to the request as it is not reasonably calculated to lead to the discovery of relevant or admissible evidence. The Township of Edison does not assert the qualified immunity of defendant, Paul Pappas, and on information and belief Chief Bryan will rely upon all documents produced in discovery both by him and by the Township of Edison, in support of his defenses to plaintiff's claims.

**REQUEST NO. 18.** The Township of Edison objects to the request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Moreover, the Township's Answer to plaintiff's Complaint was drafted by counsel and counsel's mental impressions are not discoverable.

**REQUEST NO. 19.** See the Township's March 19, 2021 response to Request No. 1 of plaintiff's First Request for Production of Documents.

**REQUEST NO. 20.** The Township objects to the request as it is vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

**REQUEST NO. 21.** See the Township's response to Request No. 15 above.

**REQUEST NO. 22.** The Township objects to the request as it is vague, ambiguous, overbroad and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

Joseph A. Bahgat, Esq.  Page 4
**Re: Crista Pemberton v. Township of Edison et al.**
**Civil Action No: 2:20-cv-04411**
**Claim No: 2018146601**
**DOL: March 19, 2018**
**Our File No: 88641**

Thank you.

Very truly yours,

WEINER LAW GROUP LLP

By: /s/ Alan J. Baratz
Alan J. Baratz
A Member of the Firm

AJB:tb
Attachments
cc: Susan Lovett, Qual-Lynx (via e-mail)(w/o attachments)
  Jeremy Solomon, CJJIF Solicitor (via e-mail) (w/o attachments)
  William Northgrave, Esq. (via e-mail)(w/o attachments)

1994988v1  88641 ltr to to bahgat ajb 3-29-2021

# EXHIBIT C

# WEINER LAW GROUP LLP

ALAN J. BARATZ
Member of the Firm

629 Parsippany Road
Parsippany, New Jersey 07054
P (973) 403-1100 F (973) 403-0010
www.weiner.law

abaratz@weiner.law

March 29, 2021

VIA: E-mail: joe@privacyfirm.law
Joseph A. Bahgat, Esq.
197 Buckhill Road
Albrightsville, PA 18210

    Re: **Crista Pemberton v. Township of Edison et al.**
       **Civil Action No: 2:20-cv-04411**
       **Claim No: 2018146601**
       **DOL: March 19, 2018**
       **Our File No: 88641**

Dear Mr. Bahgat:

  In one of the many requests for discovery and document production that you directed to Chief Bryan and the Township of Edison you requested information and documentation concerning directed patrols at 9 Elmwood Terrace. I offer this correspondence on behalf of the Township of Edison, and in response to plaintiff's request for that discovery.

  Beginning April 18, 2018 and timed at "Entire Shift" periodic checks were directed at 9 Elmwood Terrace with the end date marked "TBD," and with a description of Type of Problem as "High Visibility, Active TRO in Effect." Additionally attached is a 28-page record of 1,245 directed patrol contacts at 9 Elmwood Terrace over the period of January 28, 2015 through March 23, 2021.

  Unless I hear from you to the contrary by return mail, I will assume that the information and documentation referenced above and attached hereto is sufficiently responsive to plaintiff's requests for discovery concerning the Township's directed patrols at 9 Elmwood Terrace.

  Thank you.

            Very truly yours,

            WEINER LAW GROUP LLP

            By: _____
               Alan J. Baratz
               A Member of the Firm

AJB:tb
Attachment
cc: Susan Lovett, Qual-Lynx (via e-mail)(w/o attachments)
   Jeremy Solomon, CJJIF Solicitor (via e-mail) (w/o attachments)
   William Northgrave, Township Attorney (via e-mail)(w/o attachments)