# WEINER LAW GROUP LLP

629 Parsippany Road
Parsippany, New Jersey 07054
P (973) 403-1100 F (973) 403-0010
www.weiner.law

ALAN J. BARATZ
Member of the Firm

abaratz@weiner.law

May 6, 2021

VIA: e-Filing
The Honorable André M. Espinosa, U.S.M.J.
Martin Luther King, Jr. Blvd.
Federal Building & U.S. Court House
50 Walnut Street, Room 2037 Courtroom D
Newark, New Jersey 07102

> **Re:    Crista Pemberton v. Township of Edison et al.**
> **Docket No: 2:20-cv-04411**
> **Claim No: 2018146601**
> **DOL:  March 19, 2018**
> **Our File No: 88641**

Dear Judge Espinosa:

Our firm represents defendants, Township of Edison and Police Chief Thomas Bryan, in the above referenced matter, which was recently reassigned to Your Honor, and was the subject of a Status Teleconference on May 5, 2021.  That day Your Honor entered a Text Order requesting further submissions of the parties regarding current discovery disputes, and scheduling another Teleconference for May 17, 2021 at 1:00 p.m. to address those issues.  I offer this correspondence on behalf of the defendants to summarize what I perceive to be three (3) issues currently in dispute regarding paper discovery, and specifically regarding plaintiff's document production requests to the Township and Chief Bryan.

The first issue that my adversary has raised relates to many of the responses offered on behalf of the Township and Chief Bryan to plaintiff's First Requests for Production of Documents.  Plaintiff's counsel has asserted deficiencies in many of the defendants' responses, which Mr. Bahgat contends "fail[ed] to indicate whether all the requested materials were provided, or whether and to what extent anything responsive to this request was withheld from

The Honorable André M. Espinosa, U.S.M.J.                                    Page 2
**Re:    Crista Pemberton v. Township of Edison et al.**
**Docket No: 2:20-cv-04411**
**Claim No: 2018146601**
**DOL:  March 19, 2018**
**Our File No: 88641**

production."  Defendants have maintained that they have no such obligation, Mr. Bahgat cited

Fed. R. Civ. P. 34(b)(2)(B) and 26(g) as supporting plaintiff's position, and on behalf of the

Township of Edison, I responded that Rule 26(g) expressly provides that by signing a response to

any discovery request, an attorney certifies that to the best of his knowledge, information and

belief formed after a reasonable inquiry, the disclosure is complete, and I noted that I had signed

each of the responses that I offered on behalf of both Police Chief Bryan and the Township of

Edison to plaintiff's First Request for Production of Documents.

The second, and arguably more substantive, issue is the requested production of the entire

contents of fifteen (15) Internal Affairs files regarding investigations conducted by the Township

and involving defendant Pappas over the period of April 16, 2008 through April 27, 2017.  It was

the production of those files that Magistrate Judge Wettre had addressed in paragraph No. 1 of

Her Honor's January 12, 2021 Amended Scheduling Order.  With the Township's certified

answers to plaintiff's Interrogatories addressing prior IA investigations involving defendant

Pappas, I had furnished fifteen (15) Disposition Sheets that simply revealed the dates of prior

alleged incidents, the nature of the claims, the names of complainants, the IA investigators

involved, and the dispositions of each of those fifteen (15) IA Investigations.  Plaintiff's counsel

in a January 3, 2021 letter asserted that the Township's provision of those fifteen (15), one (1)

page disposition summaries was not responsive to plaintiff's Interrogatory No. 17, which counsel

referenced sought full disclosure of "all investigation involving, and disciplinary action(s) taken

against Paul Pappas," and counsel therein requested documentation of "the factual circumstances

of the allegations, steps taken to investigate the allegations, witnesses interviewed, and the

The Honorable André M. Espinosa, U.S.M.J.                                      Page 3
**Re:    Crista Pemberton v. Township of Edison et al.**
**Docket No: 2:20-cv-04411**
**Claim No: 2018146601**
**DOL:  March 19, 2018**
**Our File No: 88641**

evidence considered during the investigation."  In an effort to offer counsel that information, I personally reviewed all Internal Affairs Investigation Reports on those fifteen (15) complaints, and dated January 20, 2021 I provided a six (6) page summary of each of those cases that were investigated by Internal Affairs to Mr. Bahgat.  A copy of my January 20, 2021 correspondence to counsel is attached hereto as **"Exhibit "A"**.

The Township of Edison and Chief Bryan maintain that plaintiff cannot sufficiently demonstrate a "plausible nexus" or "affirmative link" between any of the prior complaints against defendant Pappas that the Township had investigated, and that which this plaintiff claims to represent a deprivation of her constitutional rights in our case. <u>Bielevicz v. Dubinon</u>, 915 F. 2d. 845, 850 (3d. Cir. 1990).  It is noteworthy that our Third Circuit Court of Appeals has held that where any such causal link is "too tenuous," the issue of whether a municipal policy or custom proximately caused a claimed constitutional infringement should not be left for consideration by the jury. <u>Id.</u> at 851.  Plaintiff herein claims that her longtime boyfriend, and supposedly then acquaintance, placed a tracking device on her vehicle, stalked her, and that when she was at the home of another male "friend" in New Brunswick on the night of March 19, 2018 while he was on duty defendant Pappas traveled to New Brunswick attempting to locate her and to identify her new companion, and that he slashed the tire of her vehicle after removing from her vehicle the tracking device that he had placed, all of which was captured on her new companion's Ring video.  Other than a ten (10) year old complaint of Pappas' then estranged wife, Sarah, who complained about receiving twelve (12) telephone calls from Pappas over an approximate 18 minute period, which she believed were harassing, how can any of the other IA

The Honorable André M. Espinosa, U.S.M.J.                                    Page 4
**Re:    Crista Pemberton v. Township of Edison et al.**
**Docket No: 2:20-cv-04411**
**Claim No: 2018146601**
**DOL:   March 19, 2018**
**Our File No: 88641**

complaints and results of those prior investigations establish a plausible nexus or affirmative link

between defendant Pappas' prior conduct and the constitutional deprivation that plaintiff

Pemberton claims?   Case #08-006, which was the harassment complaint of Sarah Pappas, was

not only too remote in time from the March 19, 2018 event at issue, but also it involved that

which the complainant considered to be harassment over an 18 minute period by virtue of

telephone contacts.

The third and final current dispute between the parties relates to plaintiff's untimely

service of a Second Request for Production of Documents directed to the Township of Edison.

Judge Wettre had entered our Pre-Trial Scheduling Order May 13, 2020 permitting the parties, if

not already done, to serve Requests for Production of Documents on or before May 27, 2020.

Defendants complied with that deadline, but plaintiff never served any written discovery

demands before Judge Wettre conducted a Status Teleconference on August 13, 2020.   Over

defendants' objection, Judge Wettre on August 13, 2020 granted plaintiff a further opportunity to

serve written discovery demands on the defendants on or before August 21, 2020, and on August

19, 2020 plaintiff's counsel served separate sets of Interrogatories to be answered by both the

Township and Chief Bryan, and separate First Requests for Document Production on each of

those defendants.   Plaintiff never sought leave to extend the August 21, 2020 deadline for service

of written discovery demands on the defendants, and when counsel participated in another Status

Teleconference with Judge Wettre on January 11, 2021, Mr. Bahgat never raised any issue with

Her Honor concerning service of any additional Request for Document Production.   The only

issue that was addressed between the parties in Her Honor's January 11, 2021 Amended

The Honorable André M. Espinosa, U.S.M.J.                                    Page 5
**Re:    Crista Pemberton v. Township of Edison et al.**
**Docket No: 2:20-cv-04411**
**Claim No: 2018146601**
**DOL:  March 19, 2018**
**Our File No: 88641**

Scheduling Order was the plaintiff's request for documents from Internal Affairs investigations

conducted by the Edison Police Department involving defendant, Paul Pappas.  Defendants

respectfully submit that the plaintiff's service thereafter  (on February 2, 2020) of a Second Set

of Requests for Production of Documents to the Township of Edison, a copy of which is also

attached hereto as **Exhibit "B"**, and which Your Honor will note seeks production of all Internal

Affairs Complaints Department – wide between 2008 and 2018 (Request No. 26), and complete

personnel files of some thirteen (13) former Edison Police Department employees (Request Nos.

29 – 41), was untimely and impermissible in light of the deadlines for service of such written

discovery previously established by the Court.

I trust that all of the above identifies the three (3) issues that I appreciate currently remain

between the parties concerning plaintiff's requests for paper discovery from defendants,

Township of Edison and Police Chief Bryan.  I look forward to the opportunity to address any

further issue raised by plaintiff's counsel and any inquiry initiated by Your Honor, at our next

Teleconference currently scheduled for 1:00 p.m. on Monday, May 17, 2021.

Thank you.

Respectfully submitted,
WEINER LAW GROUP LLP

By: _____
Alan J. Baratz
A Member of the Firm

AJB:tb
Attachments
cc:    Joseph Bahgat, Esq. (via e-mail)
       Susan Lovett, Qual-Lynx (via e-mail)
       Jeremy Solomon, Litigation Coordinator (via e-mail)
       William Northgrave, Township Attorney (via e-mail)
       Thomas Bryan, Chief of Police (via e-mail)   2023919v1  88641 ltr to judge Espinosa re discovery ajb 5-7-2021

# EXHIBIT A

# WEINER LAW GROUP LLP

629 Parsippany Road
Parsippany, New Jersey 07054
P (973) 403-1100 F (973) 403-0010
www.weiner.law

ALAN J. BARATZ
Member of the Firm

abaratz@weiner.law

January 20, 2021

VIA: E-mail: joe@privacyfirm.law
and Regular Mail
Joseph A. Bahgat, Esq.
197 Buckhill Road
Albrightsville, PA 18210

Re:   Crista Pemberton v. Township of Edison et al.
      Civil Action No: 2:20-cv-04411
      Claim No: 2018146601
      DOL: March 19, 2018
      Our File No: 88641

Dear Mr. Bahgat:

I have now had the opportunity to review investigative reports, and certain of the other documents maintained by the Township of Edison concerning all Internal Affairs complaints involving Patrolman Paul Pappas corresponding to the 15 disposition summonses that were provided with the Township's certified answers to plaintiff's Interrogatories referencing complaints investigated against that defendant beginning April 18, 2008 (Case #08-006) through and including Case #16-027, which was closed April 27, 2017.

In your January 3, 2021 letter you asserted that the Township's provision of the one (1) page disposition summaries was not responsive to plaintiff's Interrogatory No. 17, which sought full disclosure of "all investigation involving, and disciplinary action(s) taken against Paul Pappas," and you have requested documentation of "the factual circumstances of the allegations, steps taken to investigate the allegations, witnesses interviewed, and the evidence considered during the investigation." You have also maintained that reference to all Internal Affairs dispositions was non-responsive because Interrogatory No. 17 sought information regarding all complaints against defendant Pappas, including any that were investigated "that did not involve the Internal Affairs Unit."

All official and formal complaints made against Paul Pappas while employed as a sworn member of the Edison Township Police Department were investigated by the Internal Affairs Unit of the Edison Police Department. As concerns your request for information concerning the factual circumstances of the allegations, steps taken to investigate the allegations, witnesses interviewed, and evidence considered during the investigation of each of the 15 Internal Affairs complaints that were investigated and involved Patrolman Pappas, while I appreciate that the federal rules allow broad and liberal discovery, Pacitti v. Macy's, 193 N. 3d. 766, 777 (3d. Cir. 1999), the general scope of discovery as defined in Fed. R. Civ. P. 26(b)(1) renders evidence relevant to any party's claim or defense discoverable only if it "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.J. 2000). Plaintiff must demonstrate that the

Joseph A. Bahgat, Esq.                                                 Page 2
**Re:    Crista Pemberton v. Township of Edison et al.**
**Civil Action No: 2:20-cv-04411**
**Claim No: 2018146601**
**DOL: March 19, 2018**
**Our File No: 88641**

information sought is reasonably calculated to lead to the discovery of admissible evidence. Reviewing plaintiff's Complaint, I suspect that you perceive the release of the contents of all Internal Affairs files regarding investigations of Patrolman Pappas to be relevant to the <u>Monell</u> claim that plaintiff asserts against the Township under 42 U.S.C. Section 1983 in the Ninth Count of her Complaint. Therein, plaintiff asserts that Edison's policymakers "failed to insure through custom, policy and/or practice that its officers and employees were trained in fundamental law enforcement procedures and protocol relative to investigation and reporting of domestic violence, arresting suspects, witness intimidation, and abuse of authority by its own law enforcement officers" (¶75), and plaintiff further asserts that [t]he aforementioned lack of training and supervision represents a systemic failure, and a custom and policy of EPD, which led directly to the unspeakable acts of violence defendant Pappas committed against plaintiff." (¶77)

Internal Affairs files regarding investigations of Patrolman Pappas cannot be relevant to plaintiff's claim concerning inadequate training, and whether any of the files from other Internal Affairs investigation of Officer Pappas can be discoverable requires plaintiff to demonstrate some relevance to her claims in this case. None of the fifteen (15) Internal Affairs complaints involving Officer Pappas that were investigated and closed prior to the subject March 19, 2018 incident relate to Crista Pemberton, and we know that Crista Pemberton never made any formal complaint to Edison Township regarding Paul Pappas prior to the subject incident. The Township of Edison and Chief Bryan therefore maintain that plaintiff cannot demonstrate that any of the materials retained by the Township of Edison regarding the 15 cited Internal Affairs investigations that involved Paul Pappas can reasonably be considered likely to lead to the discovery of relevant or admissible evidence, and I offer you the following representations concerning the specific nature of the allegations and results of the investigations performed by the Township of Edison in regard to those fifteen (15) prior IA complaints.

(a)    Case #08-006 was a harassment complaint of Pappas' estranged wife, Sarah during the time that they were engaged in a divorce action. His wife claimed that after she initiated an argument over the telephone with Paul upon seeing Paul's then girlfriend, Daniel Zimmerman, at her son's baseball game at the complex on Suttons Lane, she received 12 consecutive telephone calls from Paul, and that when she answered the phone upon the 12th call Paul made a threatening statement to her and cursed at her, which Paul denied. Paul admitted that he very well might have called her 12 times over an approximate 18 minute period because there was a need for him to obtain information concerning a plan involving his son, and his First Communion practice. Sergeant Cerminaro found insufficient evidence to prove or disprove the allegations, and concluded that Sarah Pappas' complaint could not be sustained.

(b)    Case #08-012, which was administratively closed by Lieutenant Formica, was actually initiated upon the complaint of Officer Pappas that his wife, Sarah, had made a false allegation against him to a police officer investigating a criminal mischief complaint when the tires of her car and of another gentleman had allegedly been slashed while those cars were parked in the vicinity of 118 Idelwild Road. The case was closed because Lieutenant Formica,

Joseph A. Bahgat, Esq.                                                      Page 3
**Re:    Crista Pemberton v. Township of Edison et al.**
**Civil Action No: 2:20-cv-04411**
**Claim No: 2018146601**
**DOL: March 19, 2018**
**Our File No: 88641**

upon reviewing the investigation report concerning the criminal mischief incident, concluded that there was nothing to indicate that an Internal Affairs investigation was warranted.

(c)    Case #08-243 was the investigation of Police Officers Sorber and Pappas for allegedly employing excessive force in effectuating the arrest of one Delvan Dubois, and you already have Lieutenant Severino's Investigation Report to then Deputy Chief Bryan. As you are well aware, that matter involved allegations of excessive force by officers dispatched to UMDNJ in regard to a medical transport for a psychiatric evaluation of a suicidal individual, who had ingested drugs that he concocted, and who a screener believed was intent on harming himself. Defendants maintain that investigations of allegations of excessive force employed against detainees or arrestees cannot establish a pattern, practice or custom supporting the Monell liability of the Township of Edison for what plaintiff alleges to have occurred between herself and Officer Pappas.

(d)    Case #09-88 while described as a "demeanor" complaint against Officer Pappas, actually involved the manner in which he allegedly operated a police vehicle responding to a call at Metuchen Country Club along Talmage Road, and dealt with the appropriate use of emergency lights the siren on his vehicle during that response.

(e)    Case #09-017 involved allegations of differential treatment on the part of Officers Pappas and Hussain and Sergeant Michael Cimmino in regard to the handling of an arrestee, who was a Middlesex County Corrections Officer. Officers Pappas and Hussain arrested the individual at Rick and Bills Bar in Edison, and charged him with DV Simple Assault, and it was questioned by a Middlesex County Police Captain why he was not also charged with Criminal Sexual Contact given the substance of a handwritten statement that the victim provided, but which was not read by the officers or their supervisor until after the arrestee was released ROR. In addition to the assault that that victim had reported verbally to the officers, she included in her narrative that while in the bar her boyfriend had pulled up her skirt, grabbed her hips from behind, and initiated a sexual motion, and also that while they were in the car together he had grabbed her breasts. The complaint was not sustained against any of the three (3) targets of that investigation.

(f)    Case #09-047 involved allegations of excessive force by both Officer Pappas and Officer Anthony Sarnee at the site of a domestic dispute. UUpon his receipt of a letter from the alleged victim's attorney, Chief Bryan directed Captain Freeman to have an IA investigation performed. The case involved an intoxicated arrestee, whose wife did not want him to take a ride while intoxicated on his motorcycle, so she locked herself with the keys to his motorcycle in the bathroom and called the police. After her husband initially agreed to simply leave and spend the night at his mother's house so that cooler heads could prevail, when he walked downstairs and saw Officer Sarnee interviewing his wife he became belligerent and threatening, a struggle ensued with both officers, and when Officer Pappas grabbed his arm while off balance, they both fell to the floor in the hallway at the foot of the stairs, and as he fell the arrestee struck his head on the door frame or door hinge causing visible injuries to his face and ear. Due to conflicting

Joseph A. Bahgat, Esq.                                                    Page 4
**Re:   Crista Pemberton v. Township of Edison et al.**
**Civil Action No: 2:20-cv-04411**
**Claim No: 2018146601**
**DOL:  March 19, 2018**
**Our File No: 88641**

statements of the parties involved, that excessive force allegation was not sustained against either Officer Pappas or Officer Sarnee.

(g)   Case #11-013 involved investigation of an excessive force complaint against Officer Pappas initiated by the mother of a juvenile who Officer Pappas encountered among a large group who were skateboarding in the parking area at PNC Bank at the corner of Route 27 and Fitch Road.   Sergeant Michael Lordi found that there was insufficient evidence to either prove or disprove the allegation.  Interestingly, one of the individuals who upon Officer Pappas' request gave him his skateboard while he was addressing the group, was particularly concerned with the fact that when Officer Pappas dropped the skateboard, it bounced off the sidewalk, and off the curb, and rolled into oncoming traffic on Route 27 where it was run over by a car. Officer Pappas immediately apologized for the damage, and immediately offered to buy a new board for the young man, and in fact he voluntarily paid $150.00 by money order to the young man.

(h)   Case #11-024 was a demeanor complaint investigated against Officer Pappas by Sergeant Gerba, and reviewed by your client's father, former Captain David Pemberton.  The matter involved a demeanor complaint by an individual who Patrolman Pappas had stopped as a suspicious person matching the description of a burglary suspect.  The individual complained that Pappas at one point told him to "shut the f—k up," but two (2) other officers who later arrived on scene denied ever hearing any such language, which Pappas certainly denied, such that the allegation could not be sustained.  It was also determined by Sergeant Gerba and affirmed by Captain Pemberton that there was appropriate justification for Officer Pappas  to have initiated that field interview.

(i)   Case #11-037 was a demeanor complaint against Officer Pappas initiated by one Paul Austin, who felt that Officer Pappas had become hostile and aggressive towards him when he responded to a  call that Mr. Austin had made to the Police Department regarding suspicious individuals in the area outside his home.  Apparently, Mr. Austin had been angered by the fact that his complaints regarding individuals outside his home was not kept anonymous.  The complainant's accounts of what had occurred that evening were determined by Detective Sergeant Errico to differ from that of all Edison officers on scene, and accordingly, it was found that the complaint against Officer Pappas was not sustained.

(j)   Case #11-039 was a complaint of domestic violence harassment by Officer Pappas' then ex-wife, Sarah, and involved him calling her after they had spoken on the telephone and a disagreement arose concerning finances, and after she stated that she no longer wished to discuss the matter and instructed him to stop calling.  Officer Pappas claimed that he was continuing to call only to speak with the two (2) children that they had together, and Sergeant Goshkagarian determined from his investigation that there was not sufficient evidence to clearly prove or disprove the allegation such that her complaint was not sustained.

Joseph A. Bahgat, Esq.                                                   Page 5
Re:    **Crista Pemberton v. Township of Edison et al.**
Civil Action No: 2:20-cv-04411
Claim No: 2018146601
DOL:  March 19, 2018
Our File No: 88641

     (k)    Case #13-008 was a demeanor complaint against Officer Pappas initiated by one Melissa Schmidt. The investigation revealed that there had been a domestic dispute, and that her fiancé had been arrested. She claimed that Officer Pappas used profanity, and that his demeanor and attitude escalated the situation to the point of arrest, and while she admitted that her fiancé at the time was highly intoxicated, she maintained that the officer's actions had caused the situation to deteriorate. She could not provide any evidence or witnesses to support her allegation, and based on lack of any additional evidence Sergeant Brozowski determined that the complaint was not sustained.

     (l)    Case #13-032 involved the allegation communicated to a Sergeant Duffy that Officer Pappas was remiss in that he did not take action when the complainant was threatened and harassed by her neighbors, and that he failed to take a report. Sergeant Gerber investigated the performance issue, and determined that Officer Pappas followed appropriate departmental policies and procedures, including by virtue of the fact that he had taken a report, and that when he learned of the basis for the underlying dispute that a car had been dented accidentally by a neighbor's 11 year old son, he simply advised that no criminal activity had occurred, and that it was a civil matter requiring no further police action. Officer Pappas was exonerated from the allegations of that performance issue complaint.

     (m)    Case #15-008 involved an extra duty employment policy violation complaint against Officer Pappas. Specifically, it was alleged that Officer Pappas worked an extra duty job assignment while he was on extended medical leave in violation of Edison Police Department policy. The investigation revealed that Pappas did not work the extra assignment that day. He had mistakenly been paid $160, which was a clerical mistake involving payroll, and Officer Pappas fully reimbursed those funds to another officer who had subsequently worked the assignment, and who was not paid. Based on what he described to be the preponderance of the evidence, Sergeant Duffy determined upon investigation of that complaint that Officer Pappas was exonerated.

     (n)    Case #15-032 involved investigation of an excessive force complaint against Officer Pappas by the girlfriend of an individual who was arrested for DWI, Eluding and Assault on a Police Officer. Officer Pappas had responded to a radio transmission from Officer Smith, who was in pursuit of a vehicle that was refusing to yield and was being operated by someone possibly intoxicated. The allegation of excessive force involved Officer Pappas bumping the front of the suspect vehicle after it was stopped in the middle lane of Route 1 South. Officer Pappas upon arrival at the scene had determined that it was safe to travel North in the southbound lanes to block in the suspect vehicle so that it could not flee, and he claimed that he parked his marked vehicle 20 feet South of the suspect, and that the driver then intentionally moved forward striking his patrol vehicle front bumper to front bumper. Sergeant William Revill investigated a number of claims, not only what is described above to have been Officer Pappas' involvement, and the allegations against Officers Pappas, Smith, Hansson and Bertucci were all determined to have been justified legal and proper, and those individuals were all exonerated.

Joseph A. Bahgat, Esq.                                    Page 6
**Re:    Crista Pemberton v. Township of Edison et al.**
**Civil Action No: 2:20-cv-04411**
**Claim No: 2018146601**
**DOL:  March 19, 2018**
**Our File No: 88641**

(o)    Case #16-027 involved Officer Pappas self-reporting that he failed to remove his former spouse, Daniel Zimmerman from his employer provided health insurance coverage following their divorce in 2011.  Lieutenant Schreck performed the investigation, and determined that there was clear and sufficient evidence to prove that Officer Pappas willfully and purposefully violated departmental rules and regulations regarding the Township's health benefits program, and the allegation of misappropriation of Township health benefits as against Officer Pappas was sustained.

For all of the foregoing reasons, defendants, Township of Edison and Police Chief Thomas Bryan maintain that there is no justification for release of any of the contents of the fifteen (15) Internal Affairs files maintained by the Township of Edison concerning complaints involving defendant Pappas.  I am certainly willing to consider your response concerning any specific IA files, and I note that a joint dispute letter setting forth any remaining issues between us concerning your request for documentation from these IA files must be filed with the Court no later than February 11, 2021.

Thank you.

Very truly yours,

WEINER LAW GROUP LLP

By: _____
Alan J. Baratz
A Member of the Firm

AJB:tb
cc:    Susan Lovett, Qual-Lynx (via e-mail)
       Jeremy Solomon, CJJIF Solicitor (via e-mail)
       Chief of Police Thomas Bryan (via e-mail)
       William Northgrave, Township Attorney (via e-mail)

1952005v1  88641 ltr to baghat ajb 1-20-2021

# EXHIBIT B

THE PRIVACY FIRM PC
A Pennsylvania Professional Corporation
Joseph A. Bahgat (NJ BAR ID #006502008)
1701 Walnut St. #70354
P.O. Box 37635
Philadelphia PA 19101-0635
+1 877-721-9027 X. 110
joe@privacyfirm.law
*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| CRISTA PEMBERTON,<br><br>*Plaintiff*;<br><br>*vs.*<br><br>PAUL PAPPAS, *et al.*,<br><br>*Defendants.* | CASE NO. 2:20-CV-04411-MCA-LDW<br><br>**DISCOVERY** |

### PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION PROPOUNDED
### UPON DEFENDANT EDISON TOWNSHIP

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and L. Civ. RR. 26.1 and 34.1, plaintiff requests that defendant Township of Edison serve copies of the below documents and records upon counsel for the propounding party at the address atop the first page of this document, within 30 days from service hereof.

Sincerely,

THE PRIVACY FIRM PC
*Counsel for Plaintiff*

---



PRIVACY
FIRM

By: _Joseph A. Bahgat (signature)_

Dated: 2-Feb-2021

Joseph A. Bahgat

## DEFINITIONS

1.    The term *document* is synonymous in meaning, and equal in scope to its usage in Fed. R. Civ. P. 34(a)(1)(A). *Document* refers to any document now or at any time in your possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2.    *Defendant, you*, or *your* means the defendant to whom these interrogatories were propounded, as well as your agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

3.    *Other defendant*[s] or *co-defendant*[s] means any defendant(s) in the above-captioned action except you, jointly or separately.

4.    *Plaintiff* means the party propounding these interrogatories upon you.

5.    *Communication* means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

6.    *Concerning* means consisting of, referring to, relating to, reflecting, concerning, or being in any way logically or factually connected with the matter

---



PRIVACY
FIRM

discussed.

7.   *Data* means the physical symbols that represent information, in the broadest sense, regardless of whether the information is oral, written, or otherwise recorded.

8.   *Computer* means any and all programmable electronic devices or apparatuses, including hardware, software, and/or other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process, or otherwise alter data, whether such data is maintained within that device, or at some other location. The term computer includes any and all magnetic recordings or systems, systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or recordings, of any kind, in condensed format, and includes any disk, tape, recording, or other informational source, regardless of its physical dimension or size.

9.   *Date* means the exact day, month, and year if ascertainable, or, if not, the best available approximation (including relationship to other events).

10.   *Directed Patrol* is intended to have the same meaning as the term is used within the law enforcement community, which is a tactic used by law enforcement agencies to try to prevent crime before it happens, including by performing active surveillance of predetermined locations where criminal activity has previously occurred on a frequent or semi-regular basis.

11.   *Person* means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.



PRIVACY
FIRM

12.   The terms *and* and *or* should be construed either conjunctively or disjunctively, as necessary to bring within the scope of the request all responsive items that might otherwise fall outside of its scope.

13.   The terms *all*, *any*, and/or each encompass any and all of the subject matter discussed or referenced in that request.

14.   Any use of the singular form includes the plural, and vice versa.

15.   Any use of present tense also includes past tense, and vice versa.

16.   The masculine form should be construed to include the feminine, and vice versa.

## INSTRUCTIONS

17.   You must serve copies of the requested documents and records to the undersigned attorney's office within 30 days of service.

18.   Electronically stored information (ESI) must be produced in its original native format with its accompanying metadata. For example: documents created using Microsoft Word must be produced in .DOC or .DOCX file format, and e-mails must be produced in a form that readily supports import into standard email client programs, such as .MSG or .PST formats.

19.   If you cannot respond to any of the following requests in full, after exercising due diligence to secure documents to do so, you must indicate the circumstances of your search, and list all reasons why you are unable or unwilling to respond to the remainder, stating whatever documents you have concerning the



PRIVACY
FIRM

unproduced documents, and what efforts you made to secure documents sufficient to allow you to respond fully to the particular request.

20.   In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has the control, and the location of the documents.

21.   If any document was but is no longer in your possession, subject to your control, or in existence, include a statement:

    a.   identifying the document;

    b.   describing where the document is now;

    c.   identifying who has control of the document;

    d.   describing how the document became lost or destroyed or was transferred; and

    e.   identifying each of person responsible for or having knowledge of the loss, destruction, or transfer of this document from your possession, custody, or control.

22.   Each request contemplates production of all documents in their entirety. If a portion of a document is responsive to one or more requests, the document must be produced in its entirety.

23.   If you withhold production of any document or record on the ground of any privilege, you must nevertheless provide the following information:



PRIVACY
FIRM

a.   the nature of the privilege claimed;

b.   the person making the communication, whether oral or in writ-
     ing;

c.   if the communication was oral, all persons present while the
     communication was made;

d.   if the communication was written, the author, addressees, and
     any other recipients of the communication;

e.   the relationship of the persons present to the person making the
     communication;

f.   the date and place of the communication; and

g.   the general subject matter of the communication.

24.   Even if you are objecting to disclosure of the substantive portion of
such privileged material, you must disclose whether any documents exist, or any
oral communications took place.

25.   To the extent you assert that a document contains both information
that should be protected from disclosure (based on the attorney-client privilege,
work product doctrine, or another protection) and non-privileged information, the
non-privileged portions of the document must be produced. For each such docu-
ment, indicate the portion of the document withheld by stamping the words
"MATERIAL REDACTED" on the document, in an appropriate location that
does not obscure any text.

26.   If there are no documents in response to any particular request, you
must indicate, in writing, in the space provided that no such documents exist.

27.   Unless otherwise stated herein, these requests cover the time period

PRIVACY
FIRM

from Jan. 1, 2009, up to and including the present.

28.  To the extent you have previously produced documents responsive to any of the below requests, you are not required to produce them again, however, it is requested that you indicate in the response the Bates number(s) of the documents previously produced.

29.  Unless otherwise stated herein, these requests apply to activities in the United States.

30.  For convenience of the court and the parties, each request should be quoted in full immediately preceding your response.

31.  These requests are continuing in nature. If you receive or otherwise become aware of information responsive to any request after you have served your responses, you must promptly supplement your responses and disclosures by providing such information, as required by Fed. R. Civ. P. 26(e).


## REQUESTS FOR PRODUCTION

**REQUEST NO. 23.** All documents, logs, records, and communications relating to directed patrol activities in the area immediately surrounding plaintiff's residence.

RESPONSE:



PRIVACY FIRM

**REQUEST NO. 24.** A list of directed patrols ordered during the preceding 10 years in connection with all domestic violence complaints.

RESPONSE:

**REQUEST NO. 25.** A list of directed patrols ordered during the preceding 10 years in connection with all allegations of police officer misconduct.

RESPONSE:

**REQUEST NO. 26.** Disposition summaries for all internal affairs complaints and/or investigations opened between 2008 and 2018.

RESPONSE:

**REQUEST NO. 27.** Complete internal affairs files for all cases involving Defendant Pappas.

RESPONSE:

**REQUEST NO. 28.** Complete personnel file for Defendant Pappas.

RESPONSE:

**REQUEST NO. 29.** Complete personnel file for former officer Christian J. Padana.

RESPONSE:



PRIVACY
FIRM

**REQUEST NO. 30.** Complete personnel file for former officer Victor E. Aravena.

RESPONSE:

**REQUEST NO. 31.** Complete personnel file for former officer Natale A. (Andy) Fresco.

RESPONSE:

**REQUEST NO. 32.** Complete personnel file for former officer Bruce A. Polkowitz.

RESPONSE:

**REQUEST NO. 33.** Complete personnel file for former officer Mario J. Severino.

RESPONSE:

**REQUEST NO. 34.** Complete personnel file for former sergeant Darrin M. Cerminaro.

RESPONSE:

**REQUEST NO. 35.** Complete personnel file for retired deputy chief Ronald W. Mieczkowski.

RESPONSE:



PRIVACY
FIRM

**REQUEST NO. 36.** Complete personnel file for officer Nicholas R. Lunetta.

RESPONSE:

**REQUEST NO. 37.** Complete personnel file for former officer Thomas G. Errico.

RESPONSE:

**REQUEST NO. 38.** Complete personnel file for former officer Brian J. Favretto.

RESPONSE:

**REQUEST NO. 39.** Complete personnel file for former officer Robert S. Urbanski.

RESPONSE:

**REQUEST NO. 40.** Complete personnel file for Capt. Gregory P. Formica.

RESPONSE:

**REQUEST NO. 41.** Complete personnel file for former officer William Hance Gesell.

RESPONSE:



PRIVACY
FIRM

## CERTIFICATION OF SERVICE

I certify that on the **Second** day of **Feburary 2020**, I caused a true and correct copy of plaintiff's second set of requests for production to be served upon all counsel of record by attaching a PDF file to electronic mail addressed and transmitted to:

Alan J. Baratz, Esq. <abaratz@weiner.law>

_____

Joseph A. Bahgat

PRIVACY
FIRM