

**JOSEPH A. BAHGAT**
Managing Attorney

+1 732 733 2396
joe@privacyfirm.law

P.O. Box 37635 Ste. 70354
Philadelphia PA 19101-0635

7 May 2021

*BY CM/ECF*

The Honorable André M. Espinosa
Martin Luther King Jr. U.S. Courthouse
Courtroom 2D
50 Walnut Street
Newark, New Jersey 07101-3595

**Re:** *Pemberton v. Twp. of Edison, et al.*, No. 2:20-cv-04411
**Request to Strike ECF No. 41 from the Docket**

Dear Judge Espinosa:

I am writing on behalf of plaintiff Crista Pemberton, in response and objection to the unsolicited and unauthorized letter to the court (ECF No. 41), which was filed by my adversary earlier today. The instructions in Your Honor's recent, May 5, 2021 text order were crystal clear: "**[T]he parties shall file a joint letter, not to exceed 5 pages double-spaced, concisely identifying the issues of their dispute and each party's position as to the issue.**" Although the letter submitted by Alan J. Baratz, counsel for the defendant Township of Edison was indeed five pages and double-spaced,[1] it presents the unilateral and self-serving positions of only the defendant, and is therefore in direct violation of the court's very clear and explicit instructions.

Mr. Baratz's submission of his letter is a clear attempt to circumvent the joint submission five-page limit, and to unfairly influence the court by presenting his self-serving positions out of context, and without rebuttal. I am therefore

---

[1] The total number of pages in defense counsel's filing, however, is 24, which far exceeds the page limit for the parties' combined joint submission.



requesting that the court impose appropriate sanctions[2] to take away the unfair advantage Mr. Baratz is attempting to gain, and to discourage him from engaging in similar conduct in the future. At a minimum, I believe it is appropriate that the court strike Mr. Baratz's letter from the docket. In addition to striking defense counsel's letter, it would be fair and equitable to allow plaintiff to submit her own five-page letter setting forth defendant's sordid history of delays, failures, and refusal to provide relevant materials throughout this litigation.

In closing, I would be remiss if I didn't point out the importance of this case given the urgent need to hold police officers and departments accountable for abuse of authority and official misconduct. That is exactly what this case is about. The Township of Edison has been plagued by police misconduct for decades, but its police chief has somehow managed to stay at the helm despite scandal after scandal. In this case, plaintiff can prove that the chief knew about Officer Pappas's violent tendencies and mental instability, but deliberately covered it up and allowed him to terrorize all who came in his path, notably his ex-girlfriend, Crista Pemberton. She is counting on Your Honor as the gatekeeper to all things discoverable, to see that justice is done, so the police department and its chief can finally be held accountable.

Respectfully yours,

*Joseph A. Bahgat*

Joseph A. Bahgat

JAB/

---

[2] In addition to Fed. R. Civ. P. 37(b)(2), and the court's inherent authority to sanction counsel for willful violation of its rules and/or orders, L. Civ. R. 101(d) specifically permits the court to impose any appropriate sanctions for failing to "strictly observe the dates fixed for scheduling conferences, motions, pretrial conferences, trials or any other proceedings."