

JOSEPH A. BAHGAT
Managing Attorney

+1 732 733 2396
joe@privacyfirm.law

P.O. Box 37635 Ste. 70354
Philadelphia PA 19101-0635

14 May 2021

*BY CM/ECF*

The Honorable André M. Espinosa
Martin Luther King Jr. U.S. Courthouse
Courtroom 2D
50 Walnut Street
Newark, New Jersey 07101-3595

**Re: *Pemberton v. Twp. of Edison, et al.*, No. 2:20-cv-04411**
**Discovery Dispute Joint Letter**

Dear Judge Espinosa:

I am writing on behalf of plaintiff Crista Pemberton pursuant to the court's May 11, 2021 text order (ECF No. 44). This letter will therefore present both parties' respective positions regarding the ongoing failure to complete fact discovery, in which the parties are respectfully requesting that the court resolve three limited issues:[1]

1) Whether the Township of Edison is obligated to provide complete documentation of the internal affairs (IA) investigations of Officer Pappas's misconduct between 2008 and 2017.

2) Whether after receiving defendants' initial written discovery responses it is permissible for plaintiff to propound supplemental document requests—within the limits of the time set for fact discovery—to inquire about topics identified in defendants' initial discovery responses.

3) Whether a party responding to written discovery requests has an obligation to include the interrogatory or text of the request immediately preceding their response, and whether they are

[1] Defendants' positions are presented in *italics*. Defense counsel reviewed and approved this draft prior to filing. The parties respectfully request that the court accept this letter in spite of it exceeding the five-page limit; this was largely due to need to include citations to the record, which appear in the footnotes.





obligated to certify that they made a diligent inquiry and are providing all responsive documents.

Ms. Pemberton believes that each of these questions should be answered in the affirmative, and her counsel has spent countless hours preparing at least five detailed discovery deficiency letters to defense counsel, dating back to Oct. 12, 2020. In response, defense counsel labeled the numerous discovery deficiencies as "trivial," and has used every tactic conceivable to systematically avoid providing substantive and relevant responses to Ms. Pemberton's discovery requests, by acting as though the Federal Rules of Civil Procedure do not apply to defendants. A perfect example of this is Mr. Baratz's May 10, 2021 letter (ECF No. 43), in which he (a) feigned ignorance of the court's explicit instruction that the parties file a JOINT dispute letter, and (b) referred to plaintiff's objection to his improper letter as "laughable" and pathetic."

1. Defendants have failed to set forth a compelling objection for not providing complete documentation of Officer Pappas's IA misconduct investigations from 2008–2017.

A principal issue here is defendants' refusal to provide complete documentation of 15 IA investigations of Officer Pappas's misconduct, as set forth in plaintiff's Interrogatory No. 17 and Request for Production (RPD) No. 1.[2]

*Defendants' position: With the Township's certified answers to plaintiff's Interrogatories addressing prior IA investigations involving defendant Pappas, counsel had furnished 15 Disposition Sheets that simply revealed the dates of prior alleged incidents, the nature of the claims, the names of complainants, the IA investigators involved, and the dispositions of each of those 15 IA Investigations. Plaintiff's counsel in a Jan. 3, 2021 letter asserted that the Township's provision of those 15, 1-page disposition summaries was not responsive to plaintiff's Interrogatory No. 17, which counsel referenced sought full disclosure of "all investigation involving, and disciplinary action(s) taken against Paul Pappas," and counsel therein requested documentation of "the factual circumstances of the allegations, steps taken to investigate the allegations, witnesses interviewed, and the evidence considered during the investigation." In an effort to offer counsel that information, defense counsel reviewed all Internal Affairs Investigation Reports on those fifteen (15) complaints, and dated Jan. 20, 2021 provided a six-page summary of each of those cases that were investigated by Internal Affairs to Mr. Bahgat.*

*The Township of Edison and Chief Bryan maintain that plaintiff cannot sufficiently demonstrate a*

[2] Propounded to Edison Twp. Aug. 19, 2020 (ECF No. 32-1, pp.35–46, 48–61).





*"plausible nexus" or "affirmative link" between any of the prior complaints against defendant Pappas that the Township had investigated, and that which this plaintiff claims to represent a deprivation of her constitutional rights in our case. Bielevicz v. Dubinon, 915 F. 2d. 845, 850 (3d Cir.1990). It is noteworthy that our Third Circuit Court of Appeals has held that where any such causal link is "too tenuous," the issue of whether a municipal policy or custom proximately caused a claimed constitutional infringement should not be left for consideration by the jury. Id. at 851. Plaintiff herein claims that her longtime boyfriend, and supposedly then acquaintance, placed a tracking device on her vehicle, stalked her, and that when she was at the home of another male "friend" in New Brunswick on the night of Mar. 19, 2018 while he was on duty defendant Pappas traveled to New Brunswick attempting to locate her and to identify her new companion, and that he slashed the tire of her vehicle after removing from her vehicle the tracking device that he had placed, all of which was captured on her new companion's Ring video. Other than a 10 year old complaint of Pappas' then estranged wife, Sarah, who complained about receiving 12 telephone calls from Pappas over an approximate 18-minute period, which she believed were harassing, how can any of the other IA complaints and results of those prior investigations establish a plausible nexus or affirmative link between defendant Pappas' prior conduct and the constitutional deprivation that plaintiff Pemberton claims? Case #08-006, which was the harassment complaint of Sarah Pappas, was not only too remote in time from the Mar. 19, 2018 event at issue, but also it involved that which the complainant considered to be harassment over an 18 minute period by virtue of telephone contacts.*

Given that *Bielevicz v. Dubinon* concerned an appeal of the trial court's directed verdict (which favored the § 1983 plaintiffs) defendants' reliance on this case is misplaced. No party seeking discovery is required to demonstrate a "plausible nexus" or "affirmative link" to the materials sought, only that they are "relevant to any party's claim."[3] Relevant to Ms. Pemberton's claims is any evidence that Edison and/or Chief Bryan knew Officer "Pappas had severe problems controlling his anger, and had exhibited a pattern of behavior indicative of someone with antisocial and narcissistic personality disorders."[4] The fact that there were (at very least) 15 IA investigations into Pappas's misconduct over a 10-year period is evidence enough, however, the details of those investigations are critical to proving exactly how much defendants knew about the danger Pappas posed.

One of the investigations concerned Pappas's brutal attack on an elderly Piscataway gentleman in

3 FED. R. CIV. P. 26(b)(1).

4 (Compl. ¶ 22, at ECF No. 1, p.11.)





2008, which led to a prior civil suit against many of the defendants in this case.[5] The IA investigation in that case was conducted by former Lt. Mario Severino, whose detailed memorandum stated that after interviewing Pappas and the other involved officer, and all witnesses, including the elderly victim—who was hospitalized as a result of the physical battery inflicted upon him by Pappas—there was **no justification for Pappas' excessive use of force**, and that the complaint against Pappas was therefore "**sustained**."[6] According to Lt. Severino, however, after he submitted that report he was abruptly removed from the case, which Chief Bryan promptly reassigned to Lt. Gregory Formica. The disposition summary of that incident, which Edison provided to Ms. Pemberton in discovery states that Pappas was "exonerated,"[7] which is additional evidence that defendants covered up Pappas's prior misconduct.[8]

2. Defendants are obligated to respond to plaintiff's second set of RPDs, which were propounded more than 30 days prior to the discovery end date, and seek supplemental documents relevant to the 15 IA disposition summaries.

Defendants removed this case from New Jersey superior court on Apr. 17, 2020, just as the COVID-19 pandemic was beginning. On May 13, 2020, the court set the fact discovery end date for Jan. 29, 2021, which was extended only once, to May 30, 2021.[9] Because of unusual circumstances created by the pandemic, the parties had not propounded initial discovery requests as of Aug. 13, 2020. *Defendants dispute this fact because they had allegedly served discovery requests via U.S. Mail.*

Plaintiff did not receive those requests until they were first emailed, on Aug. 15, 2020. Plaintiff propounded initial discovery requests on Aug. 19, 2021, and responses to defendants' requests on or about Sep. 7, 2020. Defendant Edison Twp. did not provide any interrogatories responses or

5 *Du-Bois v. Twp. of Edison, et al.*, No. 2:08-cv-06302-SDW-MCA (*Dism'd* Feb. 14, 2012).

6 (ECF No. 32-1, p.66–70.)

7 (ECF No. 32-1, p.145.)

8 Another instance of Edison covering up misconduct was after Pappas broke into Ms. Pemberton's house on Jun. 27, 2017 and threatened to kill her, which should have resulted in Pappas being arrested for 2nd degree burglary. (*See* Compl. ¶ 23.)

9 (*See* ECF No. 9; *cf.* ECF No. 30.) On Jan. 12, 2021, the court rejected the parties' joint request to extend fact discovery until Jul. 30, 2021.





responsive documents until three months later, and those responses are still incomplete.[10]

When the court convened its next status conference on Jan. 12, 2021, the most significant issue was defendants' refusal to provide the relevant IA documents, and based on their recent disclosure of only the aforementioned one-page dispositions, plaintiff's counsel told the court he needed additional discovery to avoid having to depose all 13 of the new personnel identified in those documents. The court instructed the parties to file a joint dispute letter, however, after plaintiff's counsel filed the letter including defendants' submission, counsel objected to the letter, which delayed resolution of the dispute. Plaintiff also propounded additional RPDs to defendants on Feb. 2, 2021, which was supplemental to defendants' much belated document disclosures.[11] **These supplemental RPDs were served on defendants 118 days before the fact discovery cutoff set for May 31, 2021**. The scheduling order specifically stated: "**No fact discovery shall be issued or engaged in beyond that date, except upon application and for good cause shown.**"[12]

*Defendants' position: Defendants respectfully submit that the plaintiff's service of a Second Set of RPDs, which seeks production of all IA Complaints Department-wide between 2008 and 2018 (Request No. 26), and complete personnel files of some 13 former Edison Police Department employees (Request Nos. 29–41), was untimely and impermissible in light of the deadlines for service of such written discovery previously established by the Court. Judge Wettre's Pre-Trial Scheduling Order of May 13, 2020 had permitted the parties, if not already done, to serve Requests for Production of Documents on or before May 27, 2020. Plaintiff never served any written discovery demands before Her Honor conducted a Status Teleconference on Aug. 13, 2020, and at that time, Her Honor granted plaintiff a further opportunity to serve written discovery demands on all defendants on or before Aug. 21, 2020. Plaintiff served separate sets of Interrogatories and separate First RPDs on both the Township and Chief Bryan on Aug. 19, 2020, never sought leave to extend the Aug. 21, 2020 deadline, and at a subsequent Jan. 11, 2021 Status Teleconference never raised any issue concerning service of any additional written discovery requests. The only issue that was addressed at the Jan. 11, 2020 Status Teleconference was plaintiff's request for documentation of IA investigations involving defendant, Paul Pappas. Thereafter, plaintiff served the Second RPDs, which was untimely.*

[10] (*See, e.g.*, ECF No. 32-1, pp.31–34.)

[11] (ECF No. 32-1, pp.79–89.)

[12] (ECF No. 30.)





3. The Rules of Civil Procedure and local rules of this court require defendants to include the interrogatory or text of the request immediately preceding their response, and to certify that they made a diligent inquiry and are providing all responsive documents.

The nature of defendants' incomplete, piecemeal, and vague discovery responses make it impossible to know whether they have made a diligent inquiry and are in fact providing complete and correct responses to discovery, as required under Fed. R. Civ. P. 26(g) and 34(b)(2)(B), and also under Local Civ. R. 33.1(a), which requires: "The answering party shall repeat each question in full immediately prior to each corresponding answer." Not only is this prejudicial to Ms. Pemberton, but also it will make it incredibly difficult for the court to make sense of it all when the parties move for summary judgment. The court should therefore enter an order compelling defendants to provide a single set of answers to plaintiff's discovery requests, to include the full text of the request immediately preceding their response, and to certify that their responses are complete and correct after having made a diligent inquiry.

*Defendants' position: Defendants have no such obligation. Rule 26(g) expressly provides that by signing a response to any discovery request, an attorney certifies that to the best of his knowledge, information and belief formed after a reasonable inquiry, the disclosure is complete, noting that counsel had signed each of the responses offered on behalf of both Chief Bryan and the Township of Edison to plaintiff's first RPDs.*

Because the court initially scheduled to resolve these disputes three months ago, the parties respectfully request that fact discovery be extended by at least 90 days from the current end date of May 31, 2021.

Respectfully yours,

Joseph A. Bahgat

JAB/